ELEANOR M. LACKMAN (SBN 298594)
eml@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, California 90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

MARISSA B. LEWIS (*pro hac vice application forthcoming*)
mbl@msk.com
MITCHELL SILBERBERG & KNUPP LLP
437 Madison Avenue, 25th Floor
New York, New York 10022
Telephone: (212) 509-3900
Facsimile: (212) 509-7239

Attorneys for Plaintiff
Perplexity Solved Solutions, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Perplexity Solved Solutions Inc.,<br><br>Plaintiff,<br><br>v.<br><br>Perplexity AI, Inc.,<br><br>Defendant. | CASE NO. _____<br><br>**COMPLAINT FOR:**<br><br>1. **TRADEMARK INFRINGEMENT**<br>2. **UNFAIR COMPETITION/FALSE DESIGNATION OF ORIGIN**<br>3. **CYBERSQUATTING**<br>4. **UNFAIR BUSINESS PRACTICES**<br>5. **COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**<br>6. **DECLARATORY JUDGMENT REGARDING DEFENDANT'S PENDING APPLICATIONS**<br><br>**DEMAND FOR JURY TRIAL** |

Mitchell
Silberberg &
Knupp LLP

**COMPLAINT**

Plaintiff Perplexity Solved Solutions Inc. ("Perplexity"), by its undersigned attorneys, Mitchell Silberberg & Knupp LLP, complains and alleges against Defendant Perplexity AI, Inc. ("Defendant") as follows:

## NATURE OF THE ACTION

1. This is an action for an injunction, damages, and other appropriate relief arising out of, *inter alia*, Defendant's violations of the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and unfair competition with a small, military spouse- and woman-owned business that offers innovative software solutions to individuals, small businesses, government entities, and veteran-owned organizations.

2. Since 2017, Perplexity's owner and founder, Dawn Gallman Mobley, has worked tirelessly to build a successful business and brand under the name PERPLEXITY and variations thereof (collectively, the "PERPLEXITY Mark"). Through her efforts, Perplexity has earned the trust of a loyal customer base and established a reputation for integrity and reliability in the software industry. To protect its name and brand, Perplexity applied to register the PERPLEXITY Mark (with design) with the United States Patent and Trademark Office ("USPTO") in October 2021. By November 2022, Perplexity had secured a registration, and was promoting its offerings online, including on its website https://perplexityonline.com.

3. Founded in 2022 by former employees from "big tech" companies such as OpenAI and Meta, Defendant is a rapidly-growing, well-funded software company based in San Francisco. With full knowledge of Perplexity's prior rights, Defendant decided to use and is using the PERPLEXITY Mark in connection with highly similar software-related goods and services, overwhelming Perplexity's use in the marketplace and sowing confusion among consumers as to the parties' affiliation and the source of their respective goods and services. The hard-earned goodwill and reputation that Perplexity has built over the years have suffered—and are still now at risk—because Defendant refuses to respect the law or play fair.

4. Having recently obtained a billions-of-dollars valuation, Defendant apparently believes it is entitled to trample on the rights of a proverbial "little guy" without consequence. Not so. To protect the valuable goodwill that Perplexity built up in the PERPLEXITY Mark, and to protect the public from further confusion that will inevitably result from Defendant's continued use of the PERPLEXITY Mark for such similar goods and services, Perplexity brings this action against Defendant for (1) trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); (2) unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (3) wrongful domain name registration in violation of Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d); (4) unfair business practices in violation of California Business & Professions Code § 17200 *et seq.*; (5) trademark infringement and unfair competition in violation of California common law; and (6) a declaratory judgment that Defendant's Pending Applications (defined below) be refused registration.

## THE PARTIES

5. Plaintiff Perplexity Solved Solutions Inc. is a corporation organized under the laws of the State of Texas, having a place of business in Plano, Texas.

6. Upon information and belief, Defendant Perplexity AI, Inc. is a corporation organized under the laws of the State of Delaware, having a principal place of business in San Francisco, California.

## JURISDICTION AND VENUE

7. This action arises under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, the Declaratory Judgment Act, 28 U.S.C. § 2201, and California statutory and common law. This Court has original subject matter jurisdiction over the Lanham Act and Declaratory Judgment Act claims pursuant to 28 U.S.C. §§ 1331 and 1338, and supplemental jurisdiction over the statutory and common law claims, which form part of the same case or controversy, pursuant to 28 U.S.C. § 1367(a).

8. This Court has personal jurisdiction over Defendant because, upon information and belief, Defendant has a principal place of business in California, and has committed unlawful acts within California that have caused and/or will cause injury to the consuming public in California.

9. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b) because Defendant is subject to personal jurisdiction in this judicial district and/or because a substantial part of the events giving rise to this action occurred in this judicial district.

## FACTS COMMON TO ALL CLAIMS

**A.    Perplexity's Well-Established Use of the PERPLEXITY Mark**

10. Founded in 2017, Perplexity is a military spouse- and woman-owned tech company that delivers innovative software solutions aimed at simplifying complex business needs through data analytics, artificial intelligence ("AI"), and enhancing communication and collaboration among teams.

11. Over the years, Perplexity has continuously and exclusively used the PERPLEXITY Mark in commerce in connection with its software solutions, and has invested substantial resources in developing and promoting its business. Among its offerings is "Perplexity Meet," a comprehensive software platform featuring video conferencing, integrated messaging, data analytics, and other AI-powered tools which empowers businesses and other organizations to "enhance collaboration."[1]

12. Perplexity owns and operates the websites https://perplexityonline.com and https://perplexitymeet.com, which prominently feature the PERPLEXITY Mark and through which Perplexity offers and promotes its PERPLEXITY-branded goods and services. Perplexity registered the domain name https://perplexityonline.com in or around May 2021 and launched its website at that domain name in or around August 2021.

---

[1] *See* https://www.perplexitymeet.com/ (last accessed January 16, 2025).

13. Perplexity also promotes its goods and services through its various PERPLEXITY-branded social media accounts, including, but not limited to, on Facebook ("Perplexity Meet," https://www.facebook.com/Perplexitymeet/), LinkedIn ("Perplexity HQ," https://www.linkedin.com/company/perplexityhq/), and X ("Perplexity HQ," https://x.com/PerplexityHQ), and YouTube ("Perplexity HQ," http://www.youtube.com/@Perplexity-HQ).

14. As a result of Perplexity's longstanding and extensive use of the PERPLEXITY Mark, Perplexity has developed considerable goodwill in the PERPLEXITY Mark. Consumers recognize the PERPLEXITY Mark as identifying and/or referring to Perplexity and its high-quality goods and services.

15. The PERPLEXITY Mark is highly distinctive. The term "PERPLEXITY" is arbitrary and thus conceptually strong in relation to Perplexity's goods and services.

16. For years, Perplexity has engaged in substantially exclusive use of the PERPLEXITY Mark. Upon information and belief, no parties—other than Perplexity and now Defendant—have used or are using the term "PERPLEXITY" commercially in connection with software or related goods and/or services. In fact, the only third-party trademark on the federal registry that contains the term "PERPLEXITY" is for entirely unrelated products, *i.e.*, "wines" (U.S. Reg. No. 3,592,997).

17. To protect its valuable name and brand, on October 25, 2021, Perplexity filed an application with the USPTO for the mark PERPLEXITY (with design) based, pursuant to Section 1(a) of the Lanham Act, on use in commerce—commencing at least as early as March 1, 2021—for "software as a service (SAAS) services featuring software for data analytics and UI Testing" in Class 42 (U.S. Reg. No. 6,906,290). Plaintiff obtained a registration therefor, U.S. Registration No. 6,906,290, on November 22, 2022. Such registration is valid, subsisting, unrevoked, and uncancelled.

B. **Defendant's Subsequent Adoption and Confusingly Similar Use of Identical Mark.**

18. Upon information and belief, Defendant is a San Francisco-based software company, founded in 2022, that offers, among other things, a conversational AI-powered answer engine. Defendant has raised millions of dollars from a range of investors, including Jeff Bezos and Nvidia Corp. According to a *Business Insider* article dated December 18, 2024, Defendant recently "closed a $500 million funding round …, pushing its valuation to $9 billion."[2]

19. Notwithstanding Perplexity's prior rights in the PERPLEXITY Mark, upon information and belief, in or around August 2022, Defendant started using the PERPLEXITY Mark and confusingly similar variants—including, but not limited to, "Perplexity," "Perplexity AI," and a stylized mark featuring the term "Perplexity"—to market, promote, and offer its AI-powered answer engine and related software products (the "Infringing Goods and Services").

20. Defendant's Infringing Goods and Services include, but are not limited to: (1) "Perplexity," which is described as "a free AI search engine" that, when a user "[a]sk[s] any question, [ ] searches the internet to give [the user] an accessible, conversational, and verifiable answer;"[3] (2) "Perplexity Enterprise Pro," which is described as a "B2B [business-to-business] offering" that "helps [the business's] employees get fast, up-to-date, and reliable answers to their most complex questions;"[4] and (3) "Perplexity Spaces," which is described as an "AI-powered collaboration hub[]" that "gives [users] a place to work together to get things done."[5]

---

[2] *See* https://www.businessinsider.com/perplexity-ai-valuation-funding-500-million-9-billion-2024-12 (last accessed January 16, 2025).

[3] *See* https://www.perplexity.ai/hub/faq/what-is-perplexity (last accessed January 16, 2025).

[4] *See* https://www.perplexity.ai/enterprise (last accessed January 16, 2025).

[5] *See* https://www.perplexity.ai/hub/blog/introducing-internal-knowledge-search-and-spaces (last accessed January 16, 2025).

21. The Infringing Goods and Services are highly similar to those offered by Perplexity and appeal to a similar customer-base. For example, Perplexity's "Perplexity Meet" and Defendant's "Perplexity Spaces" both are software platforms that facilitate communication and collaboration among colleagues in businesses and other organizations.

22. Upon information and belief, on or about July 8, 2022, Defendant registered a domain name that incorporates the PERPLEXITY Mark in its entirety, particularly, https://www.perplexity.ai/ (the "Infringing Domain Name"). The website currently located at the Infringing Domain Name prominently features the PERPLEXITY Mark.

23. Defendant also has launched social media accounts that incorporate the PERPLEXITY Mark in its entirety, including on Instagram (@perplexity.ai), X (@perplexity_ai), Facebook (https://www.facebook.com/perplexityofficial/), and LinkedIn (https://www.linkedin.com/company/perplexity-ai), for the purpose of marketing, promoting, and/or soliciting potential customers for the Infringing Goods and Services.

24. Defendant has saturated the market with its PERPLEXITY-branded Infringing Goods and Services, overwhelming the hard-earned marketplace power and value of Perplexity's PERPLEXITY Mark. For example, Defendant now dominates the results of a Google search for "PERPLEXITY." Defendant's website now even appears at the top of the search results for terms specific to Perplexity, such as "Perplexity online" (*i.e.*, the terms in Perplexity's domain name) and "Perplexity Meet" (*i.e.*, the name of one of Perplexity's products).

25. On February 9, 2024, Defendant filed U.S. Application Serial Nos. 98/400,215, 98/400,216, and 98/437,227 (collectively, "Pending Applications") for marks comprising or consisting of the term "PERPLEXITY" (collectively, "Defendant's Marks"). The most pertinent details of the Pending Applications are set

forth in the chart below.

| Mark | App. No./Date | Goods and/or Services |
|---|---|---|
| PERPLEXITY AI | No. 98/400,215<br>Feb. 9, 2024 | Class 9: Downloadable computer application software for mobile phones, handheld computers, electronic tablets, chatbot software using artificial intelligence for simulating real time conversations, question-answering systems, searching and retrieving information, and providing citations, reference materials and other resources available on computer networks; Downloadable chatbot software for simulating conversations. |
| PERPLEXITY | No. 98/400,216<br>Feb. 9, 2024 | Class 9: Downloadable computer application software for mobile phones, handheld computers, electronic tablets, chatbot software using artificial intelligence for simulating real time conversations, question-answering systems, searching and retrieving information, and providing citations, reference materials and other resources available on computer networks; Downloadable chatbot software for simulating conversations. |
| PERPLEXITY | No. 98/437,227<br>March 6, 2024 | Class 41: Entertainment services, namely, providing podcasts in the field of technology, science and culture. |

26. Upon information and belief, Defendant decided to use and is continuing to use the PERPLEXITY Mark in connection with the Infringing Goods and Services with full knowledge and in willful disregard of Perplexity's prior rights in the PERPLEXITY Mark and the risk of confusion as to the source of the parties' goods and services, intending to push Perplexity out of the market.

27. In or around September 2023, counsel for Defendant contacted Perplexity by phone to inquire about purchasing the PERPLEXITY Mark. Perplexity declined to sell. Despite clearly having full knowledge of Perplexity's prior rights at

that point, Defendant continued to use—and even launched new products under[6]—the PERPLEXITY Mark thereafter.

28. On October 14, 2024, counsel for Perplexity sent a letter to Defendant's counsel demanding, among other things, that Defendant cease and desist from using the PERPLEXITY Mark and confusingly similar variants and also abandon the Pending Applications. As of the date of this Complaint, Defendant has not complied with any of Perplexity's demands.

29. On November 11, 2024, and again on December 12, 2024, Perplexity requested to extend the deadlines to oppose Defendant's Pending Applications before the United States Patent and Trademark Office Trademark Trial and Appeal Board. The requests were granted.[7] As of the date of this Complaint, Defendant has not withdrawn the Pending Applications.

30. Defendant's complete disregard for Perplexity's trademark rights is consistent with Defendant's pattern and practice of copying and/or unfairly capitalizing on others' creativity and hard work. In fact, two companies—namely, Dow Jones & Company, Inc. and NYP Holdings, Inc.—recently filed a lawsuit against Defendant alleging that Perplexity's "core business model involves engaging in massive freeriding on [the plaintiffs'] protected content." *Dow Jones & Co., Inc., et ano. v. Perplexity AI, Inc.*, Case No. 1:24-cv-079840-KPF, Dkt. No. 36 (S.D.N.Y. Dec. 11, 2024).

31. Defendant is not now, nor has it ever been, affiliated, connected, or associated with Perplexity, and Perplexity has never authorized or otherwise permitted Defendant to use the PERPLEXITY Mark in any way.

---

[6] For example, according to information on Defendant's website, in or around April 2024, Defendant launched "Perplexity Enterprise Pro." *See* https://www.perplexity.ai/hub/blog/perplexity-launches-enterprise-pro (last accessed January 16, 2025).

[7] Perplexity intends to file a Notice of Opposition against Defendant's Pending Applications before the current deadline expires.

32. In light of all of the foregoing, Defendant's use of the PERPLEXITY Mark in conjunction with the Infringing Goods and Services is likely to cause confusion, mistake, or deception as to the source of the parties' respective goods and services, in that consumers are likely to erroneously believe that one party's goods and services originate with and/or emanate from the other party, are authorized, licensed, sponsored, or approved by the other party, and/or are otherwise affiliated, connected, or associated with the other party.

33. In fact, upon information and belief, consumers already have been confused. For example, on numerous occasions, social media users have "tagged" Perplexity in their posts about Defendant's Infringing Goods and Services.

## FIRST CLAIM FOR RELIEF

**(Trademark Infringement in Violation of Section 32(1) of the Lanham Act)**

34. Perplexity realleges and incorporates by reference each and every allegation contained in each of the preceding paragraphs of the Complaint with the same force and effect as if fully set forth at length herein.

35. Perplexity owns all rights, title, and interest in and to a valid, subsisting, unrevoked, and uncancelled federal registration for the PERPLEXITY Mark (with design) (U.S. Registration No. 6,906,290).

36. Perplexity has been using the PERPLEXITY Mark in commerce long before Defendant commenced the infringing use alleged herein

37. Defendant's unauthorized use of the PERPLEXITY Mark and confusingly similar variants in the aforesaid manner, including in the sale and distribution of the Infringing Goods and Services, is likely to cause confusion and/or mistake in the minds of the public as to the source of the parties' goods and services, leading the public to believe that one party's products emanate or originate from the other, or that one party has approved, sponsored, or otherwise is associated itself with the other.

38. Defendant's actions constitute an infringement of Perplexity's rights in the PERPLEXITY Mark in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1).

39. Upon information and belief, Defendant has intentionally and willfully used the PERPLEXITY Mark in commerce with knowledge of Perplexity's prior exclusive rights in the PERPLEXITY Mark and with deliberate intention to cause mistake and confuse or deceive the general public as to the affiliation, connection, or association of Defendant, or the Infringing Goods and Services, with Perplexity.

40. Upon information and belief, Defendant has made and will continue to make substantial profits to which they are not entitled to in law or in equity.

41. Defendant's infringing conduct has caused and, unless restrained by this Court, will continue to cause, Perplexity to suffer damages and irreparable harm and injury, including to the goodwill, reputation, and business associated with the PERPLEXITY Mark, for which Perplexity has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

**(Unfair Competition and False Designation of Origin in Violation of Section 43(a) of the Lanham Act)**

42. Perplexity realleges and incorporates by reference each and every allegation contained in each of the preceding paragraphs of the Complaint with the same force and effect as if fully set forth at length herein.

43. Perplexity owns valid and protectable trademark rights in the PERPLEXITY Mark, including all common law trademark rights and all rights, title, and interest in and to U.S. Registration No. 6,906,290.

44. Defendant's unauthorized use of the PERPLEXITY Mark and confusingly similar variants in the aforesaid manner, including in the sale and distribution of the Infringing Goods and Services, falsely suggests, and is likely to cause confusion, or to cause mistake, or to deceive the general public into erroneously

believing, that one party's PERPLEXITY-branded goods and/or services originate with or emanate from the other party, are authorized, licensed, sponsored, or endorsed by the other party, and/or are otherwise affiliated, connected, or associated with the other party.

45. Defendant's conduct constitutes unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

46. Upon information and belief, Defendant intentionally and willfully used the PERPLEXITY Mark in commerce with knowledge of Perplexity's prior rights in the PERPLEXITY Mark, and in willful disregard of the risk of that Defendant's use would cause confusion, mistake, and/or deception as to the parties' affiliation and the source of their goods and services, and also diminish the goodwill and recognition associated with the PERPLEXITY Mark.

47. Defendant's aforesaid acts have caused, and unless restrained by this Court, will continue to cause, Perplexity to suffer damages and irreparable harm and injury, including to the goodwill, reputation, and business associated with the PERPLEXITY Mark, for which Perplexity has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF

**(Cybersquatting in Violation of Section 43(d) of the Lanham Act)**

48. Perplexity realleges and incorporates by reference each and every allegation contained in each of the preceding paragraphs of the Complaint with the same force and effect as if fully set forth at length herein.

49. Perplexity owns valid and protectable trademark rights in the PERPLEXITY Mark, including all common law trademark rights and all rights, title, and interest in and to U.S. Registration No. 6,906,290.

50. Upon information and belief, Defendant registered on July 8, 2022 and is continuing to use, without Perplexity's consent or authorization, the confusingly similar domain name https://www.perplexity.ai/ (the "Infringing Domain Name"),

which incorporates the PERPLEXITY Mark in its entirety and also is confusingly similar to Perplexity's domain names https://perplexityonline.com and https://perplexitymeet.com.

51. The Infringing Domain Name resolves to a website which prominently features the PERPLEXITY Mark, and is used by Defendant to offer, market, promote, and solicit potential customers for the Infringing Goods and Services.

52. Upon information and belief, Defendant registered and/or is using the Infringing Domain Name in bad faith, with knowledge of Perplexity's prior rights in the PERPLEXITY Mark and an intent to overwhelm and divert traffic from Perplexity's websites.

53. Defendant's aforesaid acts constitute a violation of Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

54. Defendant's aforesaid acts have caused, and unless restrained by this Court, will continue to cause, Perplexity to suffer damages and irreparable harm and injury, including to the goodwill, reputation, and business associated with the PERPLEXITY Mark, for which Perplexity has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF

**(Unfair Business Practices in Violation of Cal. Bus. & Prof. Code § 17200 *et seq.*)**

55. Perplexity realleges and incorporates by reference each and every allegation contained in each of the preceding paragraphs of the Complaint with the same force and effect as if fully set forth at length herein.

56. Defendant has engaged in unlawful, unfair, or fraudulent business practices or acts, as described above, that have injured and will continue to injure Perplexity and its business and property.

57. Upon information and belief, Defendant has acted in bad faith, including insofar Defendant adopted and is using the PERPLEXITY Mark with full knowledge and in willful disregard of Perplexity's prior rights, even after Perplexity requested

that Defendant cease and desist, and intending to use its financial strength to push Perplexity out of the market.

58. Defendant's aforesaid acts constitute a violation of California Business and Professions Code §§ 17200 *et seq*.

59. Defendant's aforesaid acts have caused, and unless restrained by this Court, will continue to cause, irreparable harm and injury to Perplexity, including to the goodwill, reputation, and business associated with the PERPLEXITY Mark, for which Perplexity have no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF

**(Common Law Trademark Infringement and Unfair Competition)**

60. Perplexity realleges and incorporates by reference each and every allegation contained in each of the preceding paragraphs of the Complaint with the same force and effect as if fully set forth at length herein.

61. Perplexity owns all rights, title, and interest in and to the distinctive and well-known PERPLEXITY Mark, including all common law rights in such mark.

62. Defendant has used and continues to use in commerce, without Perplexity's consent or authorization, the PERPLEXITY Mark and confusingly similar variants—including, stylized marks featuring the PERPLEXITY Mark—to market, promote, and offer and/or sell the Infringing Goods and Services, which are highly similar to the goods and services offered by Perplexity under the PERPLEXITY Mark.

63. Defendant's unauthorized use of the PERPLEXITY Mark in the aforesaid manner is likely to cause confusion, or to cause mistake, or to deceive the general public into erroneously believing that one party's goods and services emanate from the other party, are authorized, licensed, sponsored, or endorsed by the other party, and/or are otherwise affiliated, connected, or associated with the other party.

64. Upon information and belief, Defendant's unauthorized use of the

PERPLEXITY Mark has been with knowledge of Perplexity's prior rights, and in willful disregard of the risk that Defendant's use would cause confusion, mistake, or deception to the general public as to the parties' affiliation and the source of their goods and services, and also diminish the goodwill and recognition associated with the PERPLEXITY Mark.

65. Defendant's aforesaid acts constitute trademark infringement and unfair competition in violation of California common law.

66. Defendant's aforesaid acts have caused, and unless restrained by this Court, will continue to cause, Perplexity to suffer damages and irreparable harm and injury, including to the goodwill, reputation, and business associated with the PERPLEXITY Mark, for which Perplexity have no adequate remedy at law.

## SIXTH CLAIM FOR RELIEF

**(Declaratory Judgment Regarding Defendant's Pending Applications)**

67. Perplexity realleges and incorporates by reference each and every allegation contained in each of the preceding paragraphs of the Complaint with the same force and effect as if fully set forth at length herein.

68. Perplexity's rights in the PERPLEXITY Mark predate any rights that may be asserted or relied upon by Defendant in connection with Defendant's Marks in the Pending Applications.

69. Defendant's Marks so resemble the PERPLEXITY Mark as to be likely, when used in conjunction with the goods and/or services identified in Defendant's Pending Applications, to cause confusion, cause mistake, or to deceive consumers into believing that such goods and/or services originate from and/or are endorsed, sponsored, or approved by or otherwise associated with Perplexity, with consequent injury to Perplexity and the consuming public.

70. Accordingly, Perplexity requests a declaratory judgment and order that the Pending Applications for Defendant's Marks should be refused registration based

on a likelihood of confusion with Perplexity's PERPLEXITY Mark, in violation of Section 2(d) of the Lanham Act, 15 U.S.C. § 1052(d).

## PRAYER FOR RELIEF

WHEREFORE, Perplexity respectfully requests that this Court enter judgment against Defendant as follows:

A. That the Court find that Defendant has engaged in (i) trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); (ii) false designation of origin (in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (iii) wrongful domain name registration in violation of Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d); (iv) unfair business practices in violation of California Business and Professions Code §§ 17200 *et seq.*; and (v) trademark infringement and unfair competition in violation of California common law.

B. That the Court issue an injunction providing that, pursuant to 15 U.S.C. § 1116(a), Defendant and its agents, employees, representatives, partners, joint venturers, and/or anyone acting on behalf of or in concert with Defendant, jointly and severally, be enjoined through the world during the pendency of this action and permanently thereafter from:

    i. Using the PERPLEXITY Mark, or any confusingly similar variations thereof, including, without limitation, "Perplexity," "Perplexity AI," and any stylized marks comprising or containing the term "Perplexity," in connection with Defendant's Infringing Goods and Services and any other goods and/or services competitive with or otherwise related to Perplexity's goods and services, including in any domain name or social media account name;

    ii. Using any false designation, description, or representation, or otherwise engaging in conduct that is likely to create an erroneous

      impression that one party is affiliated, connected, or associated with the other party, and/or that one party's goods and/or services originate with, or are sponsored or approved by, the other party; and

   iii. Doing any act or thing likely to induce the belief that one party's goods and/or services are in any way legitimately sponsored or approved by, or affiliated, connected, or associated with, the other party.

  C. That the Court issue an order requiring Defendant to pay to Perplexity, for Defendant's violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), either (i) all such actual damages and profits attributable to the infringements of the PERPLEXITY Mark by Defendant and those acting in concert with Defendant in an amount to be proven at trial; or (ii) in the alternative, statutory damages pursuant to Section 35(c) of the Lanham Act, 15 U.S.C. § 1117(c), of up to $2,000,000 for each trademark that Defendant have counterfeited and infringed.

  D. That the Court issue an order requiring Defendant to pay to Perplexity, for Defendant's violation of Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d), either (i) all such actual damages and profits attributable to the infringements of the PERPLEXITY Mark by Defendant and those acting in concert with Defendant in an amount to be proven at trial; or (ii) in the alternative, statutory damages pursuant to Section 35(d) of the Lanham Act, 15 U.S.C. § 1117(d), in an amount of up to $100,000.

  E. That the Court issue an order requiring Defendant to transfer to Perplexity, at Defendant's expense, the Infringing Domain Name, https://www.perplexity.ai/, and any other domain names owned, operated, and/or controlled by Defendant that consist of, incorporate, or contain the PERPLEXITY Mark, or any confusingly similar variation thereof.

  F. That the Court issue an order requiring Defendant to pay to Perplexity

such other and further damages as may be available in accord with California common law and California Business and Professions Code §§ 17200 *et seq.*;

      G.    That the Court issue an order, certified by the Court to the Director of the USPTO, declaring that Defendant's Pending Applications violate Section 2(d) of the Lanham Act, 15 U.S.C. § 1052(d), and should be refused registration;

      H.    That the Court award Perplexity interest, including all pre-judgment interest, on all damages awarded by the Court;

      I.    That the Court award Perplexity exemplary and punitive damages to deter further willful infringement;

      J.    That the Court award Perplexity their costs in this action, including reasonable attorneys' fees, pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a);

      K.    That the Court award such other and further relief as the court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Perplexity hereby demands a trial by jury on all issues so triable.

Dated: January 30, 2025        MITCHELL SILBERBERG & KNUPP LLP

                                            By: /s/ Eleanor M. Lackman
                                                Eleanor M. Lackman
                                                Marissa B. Lewis
                                                *Attorneys for Plaintiff Perplexity Solved Solutions, Inc.*