1
2
3
4
5
6
7
8
9

**LATHAM & WATKINS LLP**
Jennifer L. Barry (Bar No. 228066)
  *jennifer.barry@lw.com*
Patrick C. Justman (Bar No. 281324)
  *patrick.justman@lw.com*
Melanie J. Grindle (Bar No. 311047)
  *melanie.grindle@lw.com*
12670 High Bluff Drive
San Diego, CA 92130
858.523.5400 / 858.523.5450 Fax

*Attorneys for Defendant and*
*Counterclaimant Perplexity AI, Inc.*

10

## UNITED STATES DISTRICT COURT

11

## NORTHERN DISTRICT OF CALIFORNIA

12

## SAN FRANCISCO DIVISION

13

| | |
|---|---|
| PERPLEXITY SOLVED SOLUTIONS INC., | Case No. 3:25-cv-00989-JSC |
| Plaintiff, | |
| v. | **PERPLEXITY AI, INC.'S ANSWER TO COMPLAINT AND COUNTERCLAIMS** |
| PERPLEXITY AI, INC., | |
| Defendant. | **DEMAND FOR JURY TRIAL** |
| PERPLEXITY AI, INC., | |
| Counterclaimant, | |
| v. | |
| PERPLEXITY SOLVED SOLUTIONS INC., | |
| Counterdefendant. | |

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

US-DOCS\157204114.1

1

CASE NO. 3:25-CV-00989-JSC
PERPLEXITY AI, INC.'S
ANSWER & COUNTERCLAIMS

Defendant Perplexity AI, Inc. ("Defendant") answers Plaintiff Perplexity Solved Solutions Inc.'s ("Plaintiff") Complaint as follows:

## NATURE OF THE ACTION

1.    The first portion of this Paragraph contains legal conclusions that do not require a response, and, to the extent any response is required, Defendant denies those allegations.  Defendant further denies that Plaintiff actually has (both historically and currently) offered any actual, functional software solutions in United States commerce to paying customers, as further explained below.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining matters alleged in this Paragraph, and therefore denies any and all allegations and/or legal conclusions contained therein.

2.    The documents and records of the United States Patent & Trademark Office ("USPTO") speak for themselves and to the extent Plaintiff's allegations differ, they are denied.  The USPTO records reflect that the mark applied for was a design mark described by Plaintiff as "consist[ing] of stylized wording Perplexity on the right side of the wording a stylized design of a leaf," as shown below.  While Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted about Ms. Mobley's prior efforts and success and on that basis denies them, it will note that the *perplexityonline.com* website appeared as follows from (on information and belief) inception, until the lead-up of the filing of this lawsuit and after Plaintiff already asserted claims against Defendant.  Notably, many of the links on the website were "dead" and led either back to the generic homepage pictured below or to "404" / "Not Found" error crash pages.  Based on the appearance of the website, the multiple broken links, and the overall lack of a clear product being offered, Plaintiff's website appeared to belong to a "dead" company that was not actually functional and not offering goods/services to consumers in United States commerce.  Defendant denies any and all remaining allegations and/or legal conclusions contained in this Paragraph.





3.    Defendant was founded in 2022 by four co-founders:

    a.  Aravind Srinivas, the CEO, who previously worked as an AI researcher at OpenAI;

    b.  Andy Konwinski, who was part of the founding team at Databricks;

    c.  Denis Yarats, the CTO, who was an AI research scientist at Meta; and

    d.  Johnny Ho, the CSO, who worked as an engineer at Quora and as a quantitative trader on Wall Street.

These four individuals combined their expertise in artificial intelligence, machine learning, and back-end systems to create Perplexity AI, a conversational search engine that uses large language models to answer queries using sources from the web.  Since launching, Defendant has experienced tremendous success (e.g., growing to 10 million monthly active users in its first year) and expanded to have offices in San Francisco, CA; New York, NY; and Austin, TX.  Defendant denies that it has used "the PERPLEXITY Mark," as that term is defined in the Complaint.  Defendant further denies that the

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

US-DOCS\157204114.1

3

CASE NO. 3:25-CV-00989-JSC
PERPLEXITY AI, INC.'S
ANSWER & COUNTERCLAIMS

parties' respective goods and services are "highly similar," that any confusion has occurred, or that Plaintiff has suffered any actual harm. Defendant further lacks knowledge or information to form a belief as to the truth of the matter of whether it "overwhelm[ed] [Plaintiff's] use in the marketplace" as it does not have a clear understanding of the extent of Plaintiff's use (if any). At best, Defendant's investigations have uncovered that Plaintiff previously owned a barely functioning website and a handful of social media pages (most of which were broken or "dead") that did not clearly offer any actual product or service. Based on that, whether Plaintiff owned any "prior rights" is highly questionable and it is not clear what level of activity would "overwhelm[ ]" such a minimal online presence (although it appears that even a functional website with a few active social media pages would suffice). Defendant denies any and all remaining allegations in this Paragraph.

4.    Defendant denies that it has used "the PERPLEXITY Mark," as that term is defined in the Complaint. Defendant further denies that any confusion has occurred or that Plaintiff's business has suffered. Defendant denies Plaintiff's attempts to impugn its integrity and corporate beliefs about fair competition, as it has been and will continue to be respectful of the valid intellectual property rights of others. Defendant denies any and all remaining allegations and/or legal conclusions contained in this Paragraph.

## THE PARTIES

5.    Defendant admits that Plaintiff appears to be a Texas corporation, formed in 2021. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining matters alleged in this Paragraph, and therefore denies any and all allegations and/or legal conclusions contained therein.

6.    Defendant admits that it is a Delaware corporation, with offices in San Francisco, CA; New York, NY; and Austin, TX, and its principal place of business is in San Francisco, CA.

## JURISDICTION AND VENUE

7.    This Paragraph contains legal conclusions that do not require a response;

1  to the extent any response is required, Defendant denies those allegations.

2      8.     While Defendant admits that its principal place of business is in

3  San Francisco, CA, the remainder of this Paragraph contains legal conclusions that do not

4  require a response; to the extent any response is required, Defendant denies those

5  allegations.

6      9.     While Defendant admits that its principal place of business is in

7  San Francisco, CA, the remainder of this Paragraph contains legal conclusions that do not

8  require a response; to the extent any response is required, Defendant denies those

9  allegations.

10                    **FACTS COMMON TO ALL CLAIMS**

11  **A.    Perplexity's [Alleged] Well-Established Use of the PERPLEXITY Mark[1]**

12      10.    Defendant denies that Plaintiff was "founded in 2017."  Plaintiff was

13  actually founded in May 2021.  A prior entity named "Perplexity Solved Solutions Inc

14  [*sic*]" was formed in Georgia in July 2017.  This Georgia entity was later administratively

15  dissolved and/or revoked by the state of Georgia in August 2019.  Plaintiff does not

16  explain or connect these two entities in any manner, and there does not appear to be any

17  basis to treat these entities as one, especially given the nearly two-year period of

18  inactivity between the Georgia entity dissolving in 2019 and the Texas entity (i.e., the

19  current Plaintiff) forming in 2021.  Defendant further denies that Plaintiff actually has

20  (both historically and currently) offered any actual, functional software solutions in

21  United States commerce to paying customers, as further explained below.  Defendant

22  notes that Plaintiff's alleged offering of "software solutions" based on using "artificial

23  intelligence (AI)" appears to be an entirely new "fact" that was first made in this

24  Complaint, as, on information and belief, all prior iterations of Plaintiff's website never

25  mentioned AI-based software solutions.  Indeed, in Plaintiff's demand letter to Defendant

26  sent in October 2024, nowhere does Plaintiff describe its business as AI-related, or even

27

28

---

[1] Defendant has reproduced Plaintiff's headings for purposes of reference only.  In doing so, however, Defendant in no way concedes their substance, and to the extent they contain any allegations that require a response, Defendant denies such allegations.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

US-DOCS\157204114.1

5

CASE NO. 3:25-CV-00989-JSC
PERPLEXITY AI, INC.'S
ANSWER & COUNTERCLAIMS

1    reference AI in describing its purported products.  Defendant lacks knowledge or

2    information sufficient to form a belief as to the truth of the remaining matters alleged in

3    this Paragraph, and therefore denies any and all remaining allegations and/or legal

4    conclusions.

5        11.    While Defendant denies that Plaintiff has (historically and currently)

6    offered any actual, functional software solutions in United States commerce to paying

7    customers and notes that Plaintiff's claim to offer "AI-powered tools" appears to be

8    nothing more than litigation-fueled posturing, Defendant lacks knowledge or information

9    sufficient to form a belief as to the truth of the remaining matters alleged in this

10   Paragraph, and therefore denies any and all remaining allegations and/or legal

11   conclusions.

12       12.    Defendant denies that Plaintiff's websites use "the PERPLEXITY Mark,"

13   as that term is defined in the Complaint.  Rather, these websites both use a highly stylized

14   logo that incorporates the "Perplexity" term, as shown here:

  

17   Notably, the websites do not include any trademark markings used with these design

18   logos.  Nor is the "Perplexity" term standing alone clearly used as a trademark on the

19   homepages of either site.  Nor is Plaintiff's registered leaf logo ( Perplexity) used on

20   the websites.  Problematically though, both websites claim that the PERPLEXITY term

21   (standing alone and with no design) is a registered trademark belonging to Plaintiff:



27   That, however, is inaccurate.  The only registered trademark owned by Plaintiff,

28   according to USPTO records, is for the leaf logo ( Perplexity).  Thus, Plaintiff's use of

the "®" symbol and claim that "PERPLEXITY" is a "registered trademark" appears to be false and misleading. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining matters alleged in this Paragraph, and therefore denies any and all remaining allegations and/or legal conclusions.

13.     Plaintiff's false and misleading statements about the status of its trademark rights in the PERPLEXITY mark are also featured on its social media pages, such as its purported LinkedIn and YouTube pages:





Defendant further notes that the purported "Perplexity Meet" Facebook page does not appear to contain any posts promoting the alleged Perplexity Meet product. While there are a few photos (added in November 2024, just a couple months before the Complaint

was filed) that mention this alleged product, the remaining posts, images, and other

materials on this page indicate it was until very recently owned and operated by another

business known as "Valdosta Ventures Inc.," which still currently remains "responsible

for this page" and used the page historically to promote the "Veterans Grow America"

organization. While it appears that Plaintiff changed the name of this page in or around

November 2024, other users' historical posts that "tagged" the page still remain on the

"mentions" tab of this Facebook page and reflect that the page was historically "Veterans

Grow America," as shown here:



Interestingly, Plaintiff's websites previously pointed to another Facebook page located at

*facebook.com/perplexitymeet1/*, which appeared as follows on October 23, 2024:



This Facebook page, with "1 likes, 1 follower" no longer remains active, and appears to

have been deleted, presumably in favor of the "new" Facebook page that has more

followers and likes. Defendant lacks knowledge or information sufficient to form a belief

as to the truth of the remaining matters alleged in this Paragraph, and therefore denies any and all remaining allegations and/or legal conclusions.

14.    Defendant denies that Plaintiff has used "the PERPLEXITY Mark," as that term is defined in the Complaint.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining matters alleged in this Paragraph, and therefore denies any and all remaining allegations and/or legal conclusions.

15.    This Paragraph contains legal conclusions that do not require a response; to the extent any response is required, Defendant denies those allegations as they pertain to Plaintiff's purported rights.

16.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in this Paragraph, and therefore denies any and all allegations and/or legal conclusions.  Further, the documents and records of the USPTO speak for themselves and to the extent Plaintiff's allegations differ, they are denied.

17.    The documents and records of the USPTO speak for themselves and to the extent Plaintiff's allegations differ, they are denied.  As further detailed below in Defendant's counterclaims, Defendant also denies and disputes that the asserted registration (No. 6,906,290) is "valid," as this registration appears to have been obtained through fraud on the USPTO.  Further, to the extent Plaintiff ever obtained viable rights in the leaf logo ( ), which Defendant disputes and denies, those rights were subsequently abandoned due to non-use and adoption of an entirely different logo.  Thus, the asserted registration should also be immediately revoked and cancelled, as further detailed in Defendant's counterclaims.  The remainder of this Paragraph contains legal conclusions that do not require a response; to the extent any response is required, Defendant denies those allegations.

**B.    Defendant's [Alleged] Subsequent Adoption and Confusingly Similar Use of Identical Mark.**

18.    Defendant admits that it was founded in August 2022 and that it offers an AI-powered, conversational search engine.  The document referenced in this Paragraph

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

US-DOCS\157204114.1

9

CASE NO. 3:25-cv-00989-JSC
PERPLEXITY AI, INC.'S
ANSWER & COUNTERCLAIMS

speaks for itself and to the extent Plaintiff's allegations differ, they are denied. The remaining allegations are immaterial and do not require a response; to the extent any response is required, Defendant denies those allegations.

19. Defendant admits that it has used and continues to use PERPLEXITY, PERPLEXITY AI, and a logo featuring the PERPLEXITY mark (shown below) to promote and offer its AI-powered services and products. The remaining allegations are immaterial, raise legal issues and/or call for legal conclusions, and/or assume and are based on facts that Defendant disputes, and therefore they do not require a response; to the extent any response is required, Defendant denies those allegations.



20. The documents referenced in this Paragraph speak for themselves and to the extent Plaintiff's allegations differ, they are denied. The remainder of the Paragraph contains legal conclusions that do not require a response; to the extent any response is required, Defendant denies those allegations.

21. This Paragraph contains legal conclusions that do not require a response; to the extent any response is required, Defendant denies those allegations.

22. Defendant admits that it owns the *perplexity.ai* domain name and uses it to, *inter alia*, promote its PERPLEXITY branded goods and services. Defendant denies that it "incorporates the PERPLEXITY Mark," as that term is defined in the Complaint. The remaining allegations are immaterial, raise legal issues and/or call for legal conclusions, and/or assume and are based on facts that Defendant disputes, and therefore they do not require a response; to the extent any response is required, Defendant denies those allegations.

23. Defendant admits that it owns the cited social media pages and uses them to, *inter alia*, promote its PERPLEXITY branded goods and services. Defendant denies that these accounts "incorporate the PERPLEXITY Mark," as that term is defined in the Complaint. The remaining allegations are immaterial, raise legal issues and/or call for

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

US-DOCS\157204114.1

10

CASE NO. 3:25-CV-00989-JSC
PERPLEXITY AI, INC.'S
ANSWER & COUNTERCLAIMS

1  legal conclusions, and/or assume and are based on facts that Defendant disputes, and

2  therefore they do not require a response; to the extent any response is required, Defendant

3  denies those allegations.

4      24.   As the allegations of this Paragraph are immaterial, raise legal issues and/or

5  call for legal conclusions, and/or assume and are based on facts that Defendant disputes,

6  they do not require a response; to the extent any response is required, Defendant denies

7  those allegations.  Defendant further disputes and denies that its website "appears at the

8  top of the search results" for "Perplexity meet," as those results reference Plaintiff, as

9  shown here:

10

11 

12

13

14

15

16

17

18

19

20      25.   The documents and records of the USPTO speak for themselves and to the

21 extent Plaintiff's allegations differ, they are denied.

22      26.   As the allegations of this Paragraph are immaterial, raise legal issues and/or

23 call for legal conclusions, and/or assume and are based on facts that Defendant disputes,

24 they do not require a response; to the extent any response is required, Defendant denies

25 those allegations.

26      27.   Defendant admits that it has been in contact with Plaintiff before this

27 lawsuit was filed in an attempt to resolve their differences, and that those negotiations

28 ultimately were unsuccessful.  As the remaining allegations of this Paragraph are

1  immaterial, raise legal issues and/or call for legal conclusions, and/or assume and are

2  based on facts that Defendant disputes, they do not require a response; to the extent any

3  response is required, Defendant denies those allegations.

4      28.    The document referenced in this Paragraph speaks for itself and to the

5  extent Plaintiff's allegations differ, they are denied.  The remainder of the Paragraph

6  contains legal conclusions that do not require a response; to the extent any response is

7  required, Defendant denies those allegations.

8      29.    The documents and records of the USPTO speak for themselves and to the

9  extent Plaintiff's allegations differ, they are denied.

10     30.    As the allegations of this Paragraph are immaterial, raise legal issues and/or

11  call for legal conclusions, and/or assume and are based on facts that Defendant disputes,

12  they do not require a response; to the extent any response is required, Defendant denies

13  those allegations.

14     31.    Defendant is not affiliated, connected to, or associated with Plaintiff, nor

15  has it ever required authorization or permission from Plaintiff to exist and operate its

16  separate business.  The remainder of the Paragraph contains legal conclusions that do not

17  require a response; to the extent any response is required, Defendant denies those

18  allegations.

19     32.    This Paragraph contains legal conclusions that do not require a response;

20  to the extent any response is required, Defendant denies those allegations.

21     33.    Defendant has repeatedly searched for such "confused" consumers on

22  social media and cannot locate them.  Further, Defendant's counsel has repeatedly asked

23  Plaintiff's counsel for proof of this purported confusion, links to the "tagged" posts, etc.,

24  but Plaintiff's counsel tellingly has failed to provide any of the requested evidence,

25  assuming it even exists (which appears unlikely).  The remainder of the Paragraph

26  contains legal conclusions that do not require a response; to the extent any response is

27  required, Defendant denies those allegations.

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

US-DOCS\157204114.1

12

CASE No. 3:25-CV-00989-JSC
PERPLEXITY AI, INC.'S
ANSWER & COUNTERCLAIMS

1

**FIRST CLAIM FOR RELIEF**

2

**(Trademark Infringement in Violation of Section 32(1) of the Lanham Act)**

3       34.     Defendant restates its responses to paragraphs 1-33 above.

4       35.     This Paragraph contains legal conclusions that do not require a response;

5   to the extent any response is required, Defendant denies those allegations.

6       36.     This Paragraph contains legal conclusions that do not require a response;

7   to the extent any response is required, Defendant denies those allegations.

8       37.     This Paragraph contains legal conclusions that do not require a response;

9   to the extent any response is required, Defendant denies those allegations.

10      38.     This Paragraph contains legal conclusions that do not require a response;

11  to the extent any response is required, Defendant denies those allegations.

12      39.     This Paragraph contains legal conclusions that do not require a response;

13  to the extent any response is required, Defendant denies those allegations.

14      40.     This Paragraph contains legal conclusions that do not require a response;

15  to the extent any response is required, Defendant denies those allegations.

16      41.     This Paragraph contains legal conclusions that do not require a response;

17  to the extent any response is required, Defendant denies those allegations.

18

**SECOND CLAIM FOR RELIEF**

19

**(Unfair Competition and False Designation of Origin in Violation of Section 43(a) of**

20

**the Lanham Act)**

21      42.     Defendant restates its responses to paragraphs 1-41 above.

22      43.     This Paragraph contains legal conclusions that do not require a response;

23  to the extent any response is required, Defendant denies those allegations.

24      44.     This Paragraph contains legal conclusions that do not require a response;

25  to the extent any response is required, Defendant denies those allegations.

26      45.     This Paragraph contains legal conclusions that do not require a response;

27  to the extent any response is required, Defendant denies those allegations.

28      46.     This Paragraph contains legal conclusions that do not require a response;

1    to the extent any response is required, Defendant denies those allegations.

2        47.    This Paragraph contains legal conclusions that do not require a response;

3    to the extent any response is required, Defendant denies those allegations.

4                    **THIRD CLAIM FOR RELIEF**

5        **(Cybersquatting in Violation of Section 43(d) of the Lanham Act)**

6        48.    Defendant restates its responses to paragraphs 1-47 above.

7        49.    This claim is subject to a motion to dismiss, and therefore no response to

8    this Paragraph is required.  To the extent any response is required, Defendant denies

9    those allegations.

10        50.    This claim is subject to a motion to dismiss, and therefore no response

11    to this Paragraph is required.  To the extent any response is required, Defendant denies

12    those allegations, with the exception that Defendant admits it owns the *perplexity.ai*

13    domain name.

14        51.    This claim is subject to a motion to dismiss, and therefore no response

15    to this Paragraph is required.  To the extent any response is required, Defendant denies

16    those allegations.

17        52.    This claim is subject to a motion to dismiss, and therefore no response

18    to this Paragraph is required.  To the extent any response is required, Defendant denies

19    those allegations.

20        53.    This claim is subject to a motion to dismiss, and therefore no response

21    to this Paragraph is required.  To the extent any response is required, Defendant denies

22    those allegations.

23        54.    This claim is subject to a motion to dismiss, and therefore no response

24    to this Paragraph is required.  To the extent any response is required, Defendant denies

25    those allegations.

26                    **FOURTH CLAIM FOR RELIEF**

27    **(Unfair Business Practices in Violation of Cal. Bus. & Prof. Code § 17200 *et seq.*)**

28        55.    Defendant restates its responses to paragraphs 1-54 above.

56.    This Paragraph contains legal conclusions that do not require a response; to the extent any response is required, Defendant denies those allegations.

57.    This Paragraph contains legal conclusions that do not require a response; to the extent any response is required, Defendant denies those allegations.

58.    This Paragraph contains legal conclusions that do not require a response; to the extent any response is required, Defendant denies those allegations.

59.    This Paragraph contains legal conclusions that do not require a response; to the extent any response is required, Defendant denies those allegations.

## FIFTH CLAIM FOR RELIEF

### (Common Law Trademark Infringement and Unfair Competition)

60.    Defendant restates its responses to paragraphs 1-59 above.

61.    This Paragraph contains legal conclusions that do not require a response; to the extent any response is required, Defendant denies those allegations.

62.    This Paragraph contains legal conclusions that do not require a response; to the extent any response is required, Defendant denies those allegations.

63.    This Paragraph contains legal conclusions that do not require a response; to the extent any response is required, Defendant denies those allegations.

64.    This Paragraph contains legal conclusions that do not require a response; to the extent any response is required, Defendant denies those allegations.

65.    This Paragraph contains legal conclusions that do not require a response; to the extent any response is required, Defendant denies those allegations.

66.    This Paragraph contains legal conclusions that do not require a response; to the extent any response is required, Defendant denies those allegations.

## SIXTH CLAIM FOR RELIEF

### (Declaratory Judgment Regarding Defendant's Pending Applications)

67.    Defendant restates its responses to paragraphs 1-66 above.

68.    This Paragraph contains legal conclusions that do not require a response; to the extent any response is required, Defendant denies those allegations.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

US-DOCS\157204114.1

15

CASE NO. 3:25-CV-00989-JSC
PERPLEXITY AI, INC.'S
ANSWER & COUNTERCLAIMS

69.    This Paragraph contains legal conclusions that do not require a response; to the extent any response is required, Defendant denies those allegations.

70.    This Paragraph contains legal conclusions that do not require a response; to the extent any response is required, Defendant denies those allegations.

## PRAYER FOR RELIEF

The remaining paragraphs in the Complaint constitute Plaintiff's request for remedies and prayer for relief, to which no answer is required.  To the extent that these paragraphs purport to state any factual allegations, Defendant denies them.

All allegations in the Complaint that Defendant has not expressly admitted are denied.  Defendant denies that Plaintiff is entitled to any of the requested relief.

## AFFIRMATIVE DEFENSES

Defendant undertakes the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are identified below. Defendant expressly reserves the right to plead additional affirmative and other defenses should any such defenses be revealed by discovery in this case or any other means. For its affirmative and other defenses, Defendant states as follows:

### First Affirmative Defense

### (Unclean Hands)

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands. Plaintiff's conduct is detailed below in Defendant's Counterclaims.  Defendant incorporates by reference the factual allegations contained in the Counterclaims.

### Second Affirmative Defense

### (Proximate Cause)

Plaintiff is not entitled to any recovery from Defendant because no act or omission of Defendant or its agents was the proximate cause of any alleged injury or damage to Plaintiff.

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
US-DOCS\157204114.1
16
CASE NO. 3:25-CV-00989-JSC
PERPLEXITY AI, INC.'S
ANSWER & COUNTERCLAIMS

1

**Third Affirmative Defense**

2

(Failure to Mitigate)

3    At all relevant times, Plaintiff has failed to mitigate its purported damages, to the

4    extent it has suffered any.

5

**Fourth Affirmative Defense**

6

(Unjust Enrichment)

7    Plaintiff's claims are barred, in whole or in part, because any recovery would

8    result in unjust enrichment to Plaintiff.

9

**Fifth Affirmative Defense**

10

(No Damages)

11    Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered

12    any injury or damages, or its alleged damages, if any, are speculative and uncertain.

13

**Sixth Affirmative Defense**

14

(ACPA Safe Harbor)

15    Plaintiff's cybersquatting claim is barred pursuant to 15 U.S.C. § 1125(d)(B)(ii),

16    as the requisite bad faith cannot be found as a matter of law because Defendant believed

17    and had reasonable grounds to believe that its use of the *perplexity.ai* domain name was a

18    fair use or otherwise lawful.

19

**Seventh Affirmative Defense**

20

(Failure to State a Claim)

21    Plaintiff's Complaint fails, in whole or in part, to state a claim for which relief can

22    be granted.

23

**Reservation of Rights**

24    Defendant is still investigating this matter and reserves the right to assert

25    additional affirmative defenses as they become known.

26

27

28

1

## **PRAYER FOR RELIEF**

2      THEREFORE, Defendant prays for the following relief:

3      A.    That Plaintiff take nothing by the Complaint, and that Defendant be

4  awarded judgment in this action;

5      B.    For further relief as specified in Defendant's counterclaims, filed

6  concurrently herewith; and

7      C.    For such other legal or equitable relief as this Court deems just and proper.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**<u>COUNTERCLAIMS</u>**

2      Defendant and Counterclaimant Perplexity AI, Inc. ("PAI") asserts counterclaims

3 against Plaintiff and Counterdefendant Perplexity Solved Solutions, Inc. ("PSSI") for

4 (1) cancellation of U.S. Trademark Registration No. 6,906,290 (the "'290 Registration")

5 for PSSI's leaf logo based on fraud on the USPTO; and (2) cancellation of the '290

6 Registration based on PSSI's abandonment of the mark.  PAI alleges with knowledge

7 concerning its own acts, and on information and belief as to all other matters (unless

8 specifically stated otherwise) as follows:

9      1.      PSSI asserts and purports to enforce its rights in the '290 Registration for

10 this mark (the "Leaf Logo"):

11



12      2.      This mark is not enforceable, and PSSI's trademark registration is

13 fraudulent.  PSSI submitted a sham specimen purporting to show use of the mark in

14 commerce—but that use was fake.

15      3.      PSSI fraudulently secured the '290 Registration by submitting a specimen

16 of a sham website purporting to show use of the Leaf Logo:

17

18

19

20      4.      PSSI recently launched a massive rebrand in the days and weeks leading up

21 to this lawsuit, to try to make its trademark claims appear stronger.  PSSI adopted and

22 fully transitioned to an entirely different logo:

23

  

24

25

26

27      5.      Despite this significant rebrand and clear abandonment of its Leaf Logo,

28 PSSI continues to assert the '290 Registration and the purported trademark rights in the

1   Leaf Logo. PSSI also falsely claims that its new logo and PERPLEXITY word mark are

2   registered, through use of the ® symbol, when they are not.

3        6.      PSSI's trademark registration should be cancelled based on (1) fraud on the

4   USPTO; and (2) abandonment of the mark.

5                               **PARTIES**

6        7.      PSSI is a Texas corporation with a principal place of business in Plano,

7   Texas.

8        8.      PAI is a Delaware corporation with a principal place of business in San

9   Francisco, California.

10                    **JURISDICTION AND VENUE**

11       9.      Pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. § 1338(a), this Court has

12  subject matter jurisdiction over PAI's claims for relief under the Lanham Act.

13       10.     The Court has personal jurisdiction over PSSI, as PSSI consented to

14  personal jurisdiction in California by commencing its action in the State, and PAI's

15  counterclaims arise out of the same transactions or occurrences that are the subject of

16  PSSI's claims.

17       11.     Venue is proper in this District under 28 U.S.C. § 1391(b)(2), as a

18  substantial part of the events giving rise to PAI's counterclaims occurred in this District.

19  Venue is also proper in this District under 28 U.S.C. § 1391(b)(3), as PSSI is subject to

20  the Court's personal jurisdiction with respect to this action.

21                       **FACTUAL ALLEGATIONS**

22  **A.      The Fraudulent '290 Registration**

23       12.     On October 25, 2021, PSSI applied to the USPTO to register its Leaf Logo

24  for "*Software as a service (SAAS) services featuring software for data analytics and UI*

25  *Testing*" in Class 42.

26       13.     PSSI filed this application on an actual use basis under 15 U.S.C.

27  § 1051(a). In the application, PSSI swore, under oath, that it was using the Leaf Logo in

28  connection with all the applied-for services "[a]t least as early as 03/01/2021."

14.    Because PSSI filed its application on a "use" basis, it was required to submit a specimen of use with the application.

15.    To support its trademark application, and as a requirement for registration with the USPTO, PSSI was also required to review, sign, and submit a declaration stating the following:

- If the applicant is filing the application based on use in commerce under 15 U.S.C. § 1051(a):

    o The signatory believes that the applicant is the owner of the trademark/service mark sought to be registered;

    o The mark is in use in commerce and was in use in commerce as of the filing date of the application on or in connection with the goods/services in the application;

    o The specimen(s) shows the mark as used on or in connection with the goods/services in the application and was used on or in connection with the goods/services in the application as of the application filing date; and

    o To the best of the signatory's knowledge and belief, the facts recited in the application are accurate.

- To the best of the signatory's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the allegations and other factual contentions made above have evidentiary support.

- The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of the application or submission or any registration resulting therefrom, declares that all statements made of his/her own knowledge are true and all statements made on information and belief are believed to be true.

16.    PSSI was required to swear under oath that it read and understood these statements, as well as to attach the referenced specimen "show[ing] the mark as used[.]"

17.    PSSI, through its principal Dawn Gallman, signed the application on October 25, 2021.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

US-DOCS\157204114.1

21

CASE NO. 3:25-CV-00989-JSC
PERPLEXITY AI, INC.'S
ANSWER & COUNTERCLAIMS

18.     The USPTO, relying on PSSI's declaration and specimen, granted registration and issued a registration certificate for the '290 Registration.

19.     PSSI's declaration contained false statements, and the USPTO relied on these false statements when issuing the '290 Registration.

20.     PSSI declared under penalty of perjury that the Leaf Logo "is in use in commerce and was in use in commerce as of the filing date of the application on or in connection with the goods/services in the application."

21.     PSSI submitted a specimen of use purporting to show the Leaf Logo in use[2] on the *perplexityonline.com* website as early as March 1, 2021:





---

[2] To be clear, PAI does not admit that this constituted "use" of the Perplexity Leaf Logo as contemplated by the Lanham Act.

22.    This specimen was fraudulent.  The purported specimen did not show the mark being used with any actual goods or services—let alone the applied-for services in the application.  Instead, it only showed a couple snippets of an inactive website that allegedly existed and was used by PSSI with no other information.

23.    There is no indication of the goods or services that were allegedly offered under the Leaf Logo.  The specimen did not reflect screenshots of any products or services, examples of use cases, customer testimonials, or any images showing that products or services could actually be purchased from the *perplexityonline.com* website or from PSSI generally.

24.    The purported "website" was devoid of any real information, except for a few generic tabs across the top of each page and a panel to (ostensibly) log into a *different* software tool (with nothing showing what that ostensible login would even lead to, if anything).

25.    The website shown in the specimen was sham, created for the purpose of serving as a specimen to support the trademark application.

26.    PSSI knew that it was making fraudulent statements to the USPTO by submitting its specimen, since it knew that its website was not functional and did not contain any actual content, and that it was not using the Leaf Logo to offer any goods or services.  PSSI made these false statements with the intent that the USPTO would rely on them in processing its application for the Leaf Logo.

27.    PSSI's fraudulent intent is further evidenced by the fact that its website did not meaningfully change to display any *bona fide* offering of services for many years, as well as the fact that PSSI did not disseminate any *bona fide* advertisements in connection with its services (whether by social media or other common advertising channels).

28.    PSSI's fraudulent statements were material to the registrability of PSSI's mark, since a specimen of use is *required* for any registration.

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW

US-DOCS\157204114.1

23

CASE NO. 3:25-CV-00989-JSC
PERPLEXITY AI, INC.'S
ANSWER & COUNTERCLAIMS

29.    The USPTO relied on PSSI's fraudulent statements when issuing the registration; indeed, had PSSI not made those fraudulent statements, the USPTO would never have issued the registration.

30.    As further evidence of PSSI's fraud on the USPTO, PSSI's website and social media pages remained materially unchanged (and nonfunctional) until the eve of this lawsuit, which was **well after** PSSI signed and filed a false application with the USPTO and submitted a fraudulent specimen.

31.    For example, at least as of January 2024, the *perplexityonline.com* footer contained icons which purported to be hyperlinks to other relevant sources, namely PSSI's (ostensible) Facebook, Twitter, Google+, LinkedIn, and Instagram accounts:



32.    However, these icons were not functional, instead leading to 404 Not Found error pages when clicked.  Not only were these icons nonfunctional when PSSI signed and filed its trademark application and submitted its specimen on October 25, 2021, but they remained nonfunctional well after that, as shown in the below screenshot taken on January 8, 2024:

# Not Found

The requested URL was not found on this server.

*Apache/2.4.41 (Ubuntu) Server at perplexityonline.com Port 443*

33.     Even today, despite PSSI's conveniently timed website overhaul to try to create the illusion that it is using its claimed trademark, it seems that PSSI did not cover its tracks entirely.  Indeed, the social media icons *still* do not work, as they simply reload the *perplexityonline.com* homepage.

34.     PSSI's sham website included other non-functioning links (i.e., other indicia of PSSI's fraudulent representation that it was using the Leaf Logo in connection with a *bona fide* offering of goods and services).  Specifically, PSSI had a "Quick Links" section at the bottom of its website, which purportedly contained hyperlinks to sub-pages called "About Us," "Careers," "FAQs," and "Support."  However, none of these links led to unique sub-pages.  Instead, each link simply reloaded the *perplexityonline.com* homepage.  Not only were these links nonfunctional when PSSI signed and filed its trademark application and submitted its specimen on October 25, 2021, but they remained nonfunctional well after that, as shown in the below screenshot taken on January 8, 2024:



**B.     PSSI Continues the Sham and Has Abandoned the Leaf Logo**

35.     Not only did PSSI commit fraud on the USPTO, but it has also abandoned the Leaf Logo and thus the '290 Registration.

36.     Since the submission of the sham specimen, PSSI's *perplexityonline.com* website generally remained unchanged for many years.  As of January 2024, PSSI's website still reflected the Leaf Logo in the website banner and footer, as shown below:



LATHAM&WATKINS LLP
ATTORNEYS AT LAW

US-DOCS\157204114.1

25

CASE NO. 3:25-CV-00989-JSC
PERPLEXITY AI, INC.'S
ANSWER & COUNTERCLAIMS



37.     However, PSSI rebranded in the lead-up to filing its lawsuit against PAI, as PSSI wanted to manufacture the impression that it was an established AI-powered business (which it is not).

38.     To prop up this charade, PSSI abandoned the Leaf Logo at least as early as October 2024 and replaced it with a new logo featuring a stylized design of the letter "P" paired with a new version of the stylized word "PERPLEXITY" ("P Logo").  Indeed, this rebrand was pervasive, as it spanned all of PSSI's websites and social media accounts.

39.     PSSI no longer uses its Leaf Logo and has replaced all such use with the P Logo.  For example, PSSI uses the P Logo on its website:



And on its LinkedIn and X (f/k/a Twitter) accounts:



LATHAM&WATKINS LLP
ATTORNEYS AT LAW
US-DOCS\157204114.1

26

CASE NO. 3:25-CV-00989-JSC
PERPLEXITY AI, INC.'S
ANSWER & COUNTERCLAIMS



40.    Notably absent from PSSI's website and social media accounts is any use of the Leaf Logo in connection with any *bona fide* offering of goods or services.

41.    The current version of PSSI's website suffers from similar sham hyperlinks as its old site.  Although PSSI removed the "Quick Links" section from its website, its current "Terms of Service" and "Privacy Statement" links load dead pages:

**Page not found**

Looks like you've followed a broken link or entered a URL that doesn't exist on this site.

If this is your site, and you weren't expecting a 404 for this path, please visit Netlify's "page not found" support guide for troubleshooting tips.

42.    Moreover, PSSI's sham website *claimed* to relate to the "Perplexity 180" product and accompanying website, but this too was another layer of PSSI's fraudulent scheme to create the appearance of a functioning business.  The *perplexity180.com* website was completely undeveloped and parked until at least January 31, 2025:

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
US-DOCS\157204114.1

CASE NO. 3:25-CV-00989-JSC
PERPLEXITY AI, INC.'S
ANSWER & COUNTERCLAIMS

43.     Of course, PSSI replaced the parked page with a "Coming Soon" landing page, but it did so only a few weeks ago, *after* it filed this lawsuit.  In other words, PSSI has (sloppily) tried to cover its tracks to add another façade of legitimacy to its fraudulent business.



44.     PSSI's social media pages fare no better.  PSSI's accounts were only created recently and reflect one or two token uses of the PERPLEXITY mark (that PSSI threw together to give the appearance of an active profile), including with improper use of the "®" symbol falsely claiming ownership of a federal registration for the PERPLEXITY word mark.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

US-DOCS\157204114.1

28

CASE NO. 3:25-cv-00989-JSC
PERPLEXITY AI, INC.'S
ANSWER & COUNTERCLAIMS

45.    For example, PSSI did not create its X account until March 2024, and, to date, it has only posted once (on December 9, 2024):



46.    Likewise, PSSI did not create its YouTube account until June 2024 and has only posted two videos (one in June 2024 and the other in January 2025):

47.    PSSI previously operated a Facebook account located at *facebook.com/perplexitymeet1/*, which had 1 like, 1 follower, and no meaningful content (let alone a *bona fide* offering of goods or services) as of October 23, 2024:



LATHAM&WATKINS LLP
ATTORNEYS AT LAW

US-DOCS\157204114.1

30

CASE NO. 3:25-CV-00989-JSC
PERPLEXITY AI, INC.'S
ANSWER & COUNTERCLAIMS

48.     Finally, as part of its website overhaul, PSSI used stock images taken from the internet to try to make its business look legitimate.  For example, PSSI uses these headshots on its home page:



49.     However, these headshots do not reflect anyone that works for, or has engaged in business with, PSSI in any manner.  This is because these headshots are stock images that anyone can take from the Internet, as shown below:



50.    PSSI's widespread rebrand and elimination of *all* use of the Leaf Logo

reflects that PSSI does not intend to resume use of that mark.

51.    Accordingly, PSSI has abandoned the Leaf Logo and, pursuant to 15 U.S.C.

§ 1064(3), the '290 Registration should be cancelled.

## FIRST CLAIM FOR RELIEF

### Cancellation of PSSI's U.S. Trademark Registration Under

### 15 U.S.C. § 1115(b)(1) and 15 U.S.C. § 1119 (*for Fraud*)

52.    PAI incorporates by reference the factual allegations set forth above.

53.    PSSI is the registered owner of the '290 Registration for the Leaf Logo.

54.    The trademark application that PSSI filed for the Leaf Logo, which

eventually matured into the '290 Registration, was filed on a "use" basis.

55.    On October 25, 2021, PSSI declared under penalty of perjury that the Leaf

Logo was being used in connection with all the applied-for services at least as early as

March 1, 2021.

56.    PSSI also submitted a specimen with its application, and PSSI declared that

this specimen purported to show use of the Leaf Logo in commerce with the applied-for

services.

57.     PSSI did not have a real business or any *bona fide* offerings of goods or services at the time it filed its application for the Leaf Logo (or during the subsequent years afterward). Rather, it threw together a sham website to manufacture a specimen to submit to the USPTO and fraudulently obtained a federal trademark registration based on a false declaration. PSSI is now asserting this fraudulent registration after putting on a fresh coat of paint on its sham website and social media accounts to try and bolster its claim of legitimacy, all in an effort to gain a payday.

58.     PSSI's statements to the USPTO were false, as PSSI was not using the Leaf Logo in connection with the services listed in its trademark application.

59.     PSSI's statements to the USPTO were made knowingly and willfully.

60.     PSSI's false statements were material to the registrability of the Leaf Logo, since (a) use in commerce is required for a use-based application, and (b) a specimen of use is required for any trademark application to register.

61.     The USPTO reasonably relied on PSSI's material misrepresentations in issuing the '290 Registration.

62.     PSSI would not have been able to obtain its '290 Registration but for its material misrepresentations.

63.     Thus, the '290 Registration is not entitled to registration on the Principal Register.

64.     If PSSI is permitted to maintain the '290 Registration, its Leaf Logo will be entitled to legal presumptions of validity, ownership, and exclusivity of use in the United States, which have been asserted against PAI in this lawsuit.

65.     PAI has been and continues to be injured by the existence of the '290 Registration.

66.     Because PSSI is not entitled to maintain any rights in the '290 Registration, the Court should issue an appropriate order pursuant to 15 U.S.C. § 1119 and 15 U.S.C. § 1115(b)(1) to the Director of the USPTO that the '290 Registration be cancelled and removed from the Register.

## SECOND CLAIM FOR RELIEF

### Cancellation of PSSI's U.S. Trademark Registration Under

### 15 U.S.C. § 1064(3) and 15 U.S.C. § 1119 (*for Non-use/Abandonment*)

67.    PAI incorporates by reference the factual allegations set forth above.

68.    PSSI is the registered owner of the '290 Registration for the Leaf Logo.

69.    PSSI no longer uses its Leaf Logo to offer any goods and services in United States commerce, as PSSI is instead using a new mark.

70.    PSSI does not intend to resume use of the Leaf Logo.

71.    PSSI has abandoned the '290 Registration and the Leaf Logo, and owns no enforceable rights in the '290 Registration.

72.    Thus, the '290 Registration is not entitled to registration on the Principal Register.

73.    If PSSI is permitted to maintain the '290 Registration, its Leaf Logo will be entitled to legal presumptions of validity, ownership, and exclusivity of use in the United States, which have been asserted against PAI in this lawsuit.

74.    PAI has been and continues to be injured by the existence of the '290 Registration.

75.    Because PSSI is not entitled to maintain any rights in the '290 Registration, the Court should issue an appropriate order pursuant to 15 U.S.C. § 1119 and 15 U.S.C. § 1115(b)(1) to the Director of the USPTO that the '290 Registration be cancelled and removed from the Register.

## PRAYER FOR RELIEF

Wherefore, PAI respectfully requests that this Court enter:

A.    Judgment against PSSI on all counterclaims alleged against it by PAI;

B.    An order cancelling U.S. Trademark Registration No. 6,906,290; and

C.    An award of such other relief that the Court deems just and proper.

1

## DEMAND FOR JURY TRIAL

2        PAI demands a trial by jury on all claims, counterclaims, defenses, affirmative

3  defenses and issues so triable.

4

5  Dated: April 2, 2025                    Respectfully submitted,

6                                          /s/ Jennifer L. Barry
                                           Jennifer L. Barry (Bar No. 228066)
7                                            jennifer.barry@lw.com
                                           Patrick C. Justman (Bar No. 281324)
8                                            patrick.justman@lw.com
                                           Melanie J. Grindle (Bar No. 311047)
9                                            melanie.grindle@lw.com
                                           12670 High Bluff Drive
10                                         San Diego, CA 92130
                                           858.523.5400 / 858.523.5450 Fax
11
                                           *Attorneys for Defendant and*
12                                         *Counterclaimant Perplexity AI, Inc.*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28