ELEANOR M. LACKMAN (SBN 298594)
eml@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, California 90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

MARISSA B. LEWIS (*pro hac vice*)
mbl@msk.com
437 Madison Avenue, 25th Floor
New York, New York 10022
Telephone: (212) 509-3900
Facsimile: (212) 509-7239

Attorneys for Plaintiff and Counterclaim-Defendant
Perplexity Solved Solutions, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| PERPLEXITY SOLVED SOLUTIONS INC., <br><br> Plaintiff, <br><br> v. <br><br> PERPLEXITY AI, INC., <br><br> Defendant. | CASE NO. 3:25-CV-00989-JSC <br><br> **PERPLEXITY SOLVED SOLUTIONS INC.'S ANSWER TO COUNTERCLAIMS** <br><br> Judge: Hon. Jacqueline S. Corley |
| PERPLEXITY AI, INC., <br><br> Counterclaim-Plaintiff, <br><br> v. <br><br> PERPLEXITY SOLVED SOLUTIONS INC., <br><br> Counterclaim-Defendant. | |

Plaintiff and Counterclaim-Defendant Perplexity Solved Solutions, Inc. ("PSSI") hereby files its Answer to Defendant and Counterclaim-Plaintiff Perplexity AI, Inc.'s ("PAI") Counterclaims (Dkt. No. 23). PSSI denies the allegations in PAI's Counterclaims except as expressly admitted herein.

1. PSSI admits that it has asserted claims against PAI based upon, *inter alia*, PSSI's rights in U.S. Registration No. 6,906,290 (the "'290 Registration") for the so-called "Leaf Logo" shown in Paragraph 1.

2. PSSI denies the allegations in Paragraph 2.

3. PSSI denies the allegations in Paragraph 3.

4. PSSI admits that it has used and continues to use the mark shown in Paragraph 4. Except as expressly admitted herein, PSSI denies the allegations in Paragraph 4.

5. PSSI admits that it continues to assert claims against PAI based upon, *inter alia*, the '290 Registration and its trademark rights in the so-called "Leaf Logo." Except as expressly admitted herein, PSSI denies the allegations in Paragraph 5.

6. PSSI denies the allegations in Paragraph 6.

**PARTIES**

7. PSSI admits the allegations in Paragraph 7.

8. PSSI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 8 and therefore denies same

**JURISDICTION AND VENUE**

9. Paragraph 9 contains legal conclusions to which no response is required. To the extent any response is required, PSSI admits that this Court has subject matter jurisdiction over PAI's Counterclaims.

10. Paragraph 10 contains legal conclusions to which no response is required. To the extent any response is required, PSSI admits that this Court has personal jurisdiction over PSSI with regard to PAI's Counterclaims. Except as expressly admitted herein, PSSI denies the allegations in Paragraph 10.

1  11.    Paragraph 11 contains legal conclusions to which no response is required.  To the extent any response is required, PSSI admits that venue is proper in this District with regard to PAI's Counterclaims.  Except as expressly admitted herein, PSSI denies the allegations in Paragraph 11.

## FACTUAL ALLEGATIONS

12.    PSSI admits that, on October 25, 2021, PSSI filed U.S. Application Serial No. 97/090,717 (the "'717 Application") for the so-called "Leaf Logo" for "Software as a service (SAAS) services featuring software for data analytics and IU Testing" in Class 42.  PSSI further states that the '717 Application speaks for itself, and refers to the United States Patent and Trademark Office's ("USPTO") publicly-available online records for a full and accurate statement of the contents of the '717 Application, and denies any allegations in Paragraph 12 inconsistent therewith.

13.    PSSI admits that the '717 Application was filed based on "SECTION 1(a)" and lists a first use in commerce date "[a]t least as early as 03/01/2021."  PSSI further states that the '717 Application speaks for itself, and refers to the USPTO's publicly-available online records for a full and accurate statement of the contents of the '717 Application, and denies any allegations in Paragraph 13 inconsistent therewith.

14.    PSSI admits that the '717 Application was filed based on "SECTION 1(a)" and that PSSI submitted a specimen in connection with the '717 Application.  PSSI further states that the '717 Application speaks for itself, and refers to the USPTO's publicly-available online records for a full and accurate statement of the contents of the '717 Application, and denies any allegations in Paragraph 14 inconsistent therewith.

15.    PSSI admits that the '717 Application included a "Declaration," which was signed by PSSI's "Principal," namely, "Dawn Gallman," and contains, *inter alia*, the language quoted in Paragraph 15.  PSSI further states that the '717 Application speaks for itself, and refers to the USPTO's publicly-available online records for a full and accurate statement of the contents of the '717 Application, and denies any allegations in Paragraph 15 inconsistent therewith.

16.    PSSI admits that the '717 Application included a "Declaration," which was signed by PSSI's "Principal," namely, "Dawn Gallman," and contains, *inter alia*, the language quoted in

Paragraph 16. PSSI further states that the '717 Application speaks for itself, and refers to the USPTO's publicly-available online records for a full and accurate statement of the contents of the '717 Application, and denies any allegations in Paragraph 16 inconsistent therewith.

17. PSSI admits the allegations in Paragraph 17.

18. PSSI admits that the USPTO issued a registration certificate for the '290 Registration, and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 18 and therefore denies same. PSSI further states that the '290 Registration speaks for itself, and refers to the USPTO's publicly-available online records for a full and accurate statement of the contents and prosecution history of the '290 Registration, and denies any allegations in Paragraph 18 inconsistent therewith.

19. PSSI denies the allegation in Paragraph 19 that PSSI made "false statements," and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 19 and therefore denies same. PSSI further states that the '290 Registration speaks for itself, and refers to the USPTO's publicly-available online records for a full and accurate statement of the contents and prosecution history of the '290 Registration, and denies any allegations in Paragraph 19 inconsistent therewith.

20. PSSI admits that the '717 Application contains the language quoted in Paragraph 20. PSSI further states that the '717 Application speaks for itself, and refers to the USPTO's publicly-available online records for a full and accurate statement of the contents of the '717 Application, and denies any allegations in Paragraph 20 inconsistent therewith.

21. PSSI admits that it submitted a specimen in connection with the '717 Application. PSSI further states that the referenced specimen speaks for itself, and refers to the USPTO's publicly-available online records for a full and accurate statement of the contents of the specimen, and denies any allegations in Paragraph 21 inconsistent therewith.

22. PSSI denies the allegations in Paragraph 22. PSSI further states that the referenced specimen speaks for itself, and refers to the USPTO's publicly-available online records for a full and accurate statement of the contents of the specimen, and denies any allegations in Paragraph 22 inconsistent therewith.

23. PSSI states that the specimen referenced in Paragraph 23 speaks for itself, and refers to the USPTO's publicly-available online records for a full and accurate statement of the contents of the specimen, and denies any allegations in Paragraph 23 inconsistent therewith.

24. PSSI denies the allegations in Paragraph 24.

25. PSSI denies the allegations in Paragraph 25.

26. PSSI denies the allegations in Paragraph 26.

27. PSSI denies the allegation in Paragraph 27 that PSSI had "fraudulent intent," and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 27 and therefore denies same.

28. PSSI denies the allegations in Paragraph 28.

29. PSSI denies the allegation in Paragraph 29 that it made "fraudulent statements," and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 29 and therefore denies same.

30. PSSI denies the allegations in Paragraph 30.

31. PSSI admits that, in or around January 2024, the website *perplexityonline.com* displayed certain social media icons, as shown in the screenshot in Paragraph 31.

32. PSSI denies the allegation in Paragraph 32 that the referenced "icons were not functional," and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 32 and therefore denies same.

33. PSSI denies the allegations in Paragraph 33.

34. PSSI admits that, in or around January 2024, the website *perplexityonline.com* had a "Quick Links" section at the bottom of its website, as shown in the screenshot in Paragraph 34. PSSI denies the allegation in Paragraph 34 that "none of these links led to unique sub-pages," and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 34 and therefore denies same.

35. Paragraph 35 contains legal conclusions to which no response is required. To the extent any response is required, PSSI denies the allegations in Paragraph 35.

36. PSSI admits that, in or around January 2024, the website *perplexityonline.com* displayed the so-called "Leaf Logo," as shown in the screenshots in Paragraph 36. Except as expressly admitted, PSSI denies the allegations in Paragraph 36.

37. PSSI denies the allegations in Paragraph 37.

38. PSSI admits that it has used and continues to use the mark shown in Paragraph 4 above. Except as expressly admitted herein, PSSI denies the allegations in Paragraph 38.

39. PSSI denies the allegations in Paragraph 39.

40. PSSI denies the allegations in Paragraph 40. PSSI further states that the website *perplexityonline.com* speaks and PSSI's social media accounts speak for themselves, and refers to such website and social media accounts for a full and accurate statement of their contents, and denies any allegations in Paragraph 40 inconsistent therewith.

41. PSSI denies the allegations in Paragraph 41. PSSI further states that the website *perplexityonline.com* speaks for itself, and refers to such website for a full and accurate statement of its contents, and denies any allegations in Paragraph 41 inconsistent therewith.

42. PSSI admits that, in or around January 2025, the website *perplexity180.com* displayed a "parked" page. Except as expressly admitted herein, PSSI denies the allegations in Paragraph 42.

43. PSSI admits that the website *perplexity180.com* currently displays a page that contains a graphic similar to the one shown in Paragraph 43. Except as expressly admitted, PSSI denies the allegations in Paragraph 43. PSSI further states that the website *perplexity180.com* speaks for itself, and refers to such website for a full and accurate statement of its contents, and denies any allegations in Paragraph 43 inconsistent therewith.

44. PSSI denies the allegations in Paragraph 44. PSSI further states that its social media accounts speak for themselves, and refers to such social media accounts for a full and accurate statement of their contents, and denies any allegations in Paragraph 44 inconsistent therewith.

45. PSSI admits that it created the @PerplexityHQ account on X in March 2024 and, as of the date of this filing, has posted once from such account (on December 9, 2024). Except as expressly admitted, PSSI denies the allegations in Paragraph 45. PSSI further states that the

1  referenced X account speaks for itself, and refers to such account for a full and accurate statement of its contents, and denies any allegations in Paragraph 45 inconsistent therewith.

46. PSSI admits that it created the @Perplexity-HQ account on YouTube in June 2024 and, as of the date of this filing, has posted two videos from such account (in or around June 2024 and January 2025). PSSI further states that the referenced YouTube count speaks for itself, and refers to such account for a full and accurate statement of its contents, and denies any allegations in Paragraph 46 inconsistent therewith.

47. PSSI admits that it previously operated a Facebook account located at *facebook.com/perplexitymeet1*, and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 47 and therefore denies same.

48. PSSI admits that the website *perplexityonline.com* currently displays the headshot images shown in Paragraph 48. Except as expressly admitted, PSSI denies the allegations in Paragraph 48.

49. PSSI admits that the individuals depicted therein do not work for, or engage in business with, PSSI. Except as expressly admitted, PSSI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 49 and therefore denies same.

50. PSSI denies the allegations in Paragraph 50.

51. PSSI denies the allegations in Paragraph 51.

## FIRST CLAIM FOR RELIEF

52. PSSI repeats and re-alleges the responses set forth above as if fully set forth herein.

53. PSSI admits that it owns the '290 Registration. PSSI further states that the '290 Registration speaks for itself, and refers to the USPTO's publicly-available online records for a full and accurate statement of the contents of the '290 Registration, and denies any allegations in Paragraph 53 inconsistent therewith.

54. PSSI admits that it filed the '717 Application which matured into the '290 Registration. PSSI further states that the '717 Application and '290 Registration speak for themselves, and refers to the USPTO's publicly-available online records for a full and accurate

statement of the contents and prosecution history of the '717 Application and '290 Registration, and denies any allegations in Paragraph 54 inconsistent therewith.

55. PSSI admits that the '717 Application was filed on October 25, 2021 with a first use in commerce date "[a]t least as early as 03/01/2021." PSSI further states that the '717 Application speaks for itself, and refers to the USPTO's publicly-available online records for a full and accurate statement of the contents of the '717 Application, and denies any allegations in Paragraph 55 inconsistent therewith.

56. PSSI admits that it submitted a specimen in connection with the '717 Application. PSSI further states that the referenced specimen and the '717 Application speak for themselves, and refers to the USPTO's publicly-available online records for a full and accurate statement of the contents of the specimen and '717 Application, and denies any allegations in Paragraph 56 inconsistent therewith.

57. PSSI denies the allegations in Paragraph 57.

58. PSSI denies the allegations in Paragraph 58.

59. PSSI denies the allegations in Paragraph 59.

60. Paragraph 60 contains legal conclusions to which no response is required. To the extent any response is required, PSSI denies the allegation in Paragraph 60 that it made "false statements," and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 60 and therefore denies same.

61. Paragraph 61 contains legal conclusions to which no response is required. To the extent any response is required, PSSI denies the allegation in Paragraph 61 that it made "material misrepresentations," and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 61 and therefore denies same.

62. PSSI denies the allegations in Paragraph 62.

63. PSSI denies the allegations in Paragraph 63

64. Paragraph 64 contains legal conclusions to which no response is required. To the extent any response is required, PSSI admits the allegations in Paragraph 64.

65. PSSI denies the allegations in Paragraph 65.

66. PSSI denies the allegations in Paragraph 66.

## SECOND CLAIM FOR RELIEF

67. PSSI repeats and realleges the responses set forth above as if fully set forth herein.

68. PSSI admits the allegations in Paragraph 68.

69. PSSI denies the allegations in Paragraph 69.

70. PSSI denies the allegations in Paragraph 70.

71. PSSI denies the allegations in Paragraph 71.

72. PSSI denies the allegations in Paragraph 72.

73. Paragraph 73 contains legal conclusions to which no response is required. To the extent any response is required, PSSI admits the allegations in Paragraph 73.

74. PSSI denies the allegations in Paragraph 74.

75. PSSI denies the allegations in Paragraph 75.

## PSSI'S AFFIRMATIVE AND OTHER DEFENSES

In further response to the Counterclaims, PSSI asserts the following affirmative and other defenses against the claims and allegations asserted against it in the Counterclaims, without waiving or excusing the burden of proof of PAI on each or any of these matters, and without admitting that PSSI bears the burden of persuasion or presentation of evidence on each or any of these matters. PSSI reserves the right to amend its Answer to the Counterclaims and rely upon additional defenses.

## FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

PAI's Counterclaims fail to state any claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

**(Unclean Hands)**

PAI's Counterclaims are barred, in whole or in part, by reason of PAI's unclean hands.

## THIRD AFFIRMATIVE DEFENSE

**(Waiver)**

PAI has waived its Counterclaims.

### FOURTH AFFIRMATIVE DEFENSE

### (Estoppel)

PAI is estopped from asserting its Counterclaims.

### FIFTH AFFIRMATIVE DEFENSE

### (Reservation of Additional Defenses)

PSSI presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, unstated, affirmative defenses available as to any or all of the causes of action in the Counterclaims. PSSI reserves the right to assert additional defenses

### PSSI'S PRAYER FOR RELIEF

WHEREFORE, PSSI respectfully requests that this Court enter judgment as follows:

1. In favor of PSSI and against PAI on all of PSSI's claims set forth in the Complaint;

2. In favor of PSSI and against PAI on all of PAI's claims set forth in the Counterclaims;

3. Awarding PSSI its reasonable attorneys' fees and costs; and

4. Awarding PSSI such other and further relief as the Court may deem just and proper.

Respectfully submitted,

DATED: May 1, 2025                MITCHELL SILBERBERG & KNUPP LLP

By: */s/ Marissa B. Lewis*
    Eleanor M. Lackman (SBN 298594)
    Marissa B. Lewis (*pro hac vice*)
    Attorneys for Plaintiff and Counterclaim
    Defendant Perplexity Solved Solutions, Inc.