LATHAM & WATKINS LLP
Jennifer L. Barry (Bar No. 228066)
  jennifer.barry@lw.com
Patrick C. Justman (Bar No. 281324)
  patrick.justman@lw.com
Melanie J. Grindle (Bar No. 311047)
  melanie.grindle@lw.com
Adam A. Herrera (Bar No. 328043)
  adam.herrera@lw.com
12670 High Bluff Drive
San Diego, CA 92130
858.523.5400 / 858.523.5450 Fax

*Attorneys for Defendant and Counterclaimant Perplexity AI, Inc.*

MITCHELL SILBERBERG & KNUPP LLP
Eleanor M. Lackman (Bar No. 298584)
  eml@msk.com
2049 Century Park East, 18th Floor
Los Angeles, CA 90067-3120
212.878.4890 / 971.545.7675 Fax

Marissa B. Lewis (*pro hac vice*)
  mbl@msk.com
437 Madison Avenue, 25th Floor
New York, NY 10022
212.509.3900

*Attorneys for Plaintiff and Counterdefendant Perplexity Solved Solutions, Inc.*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| PERPLEXITY SOLVED SOLUTIONS INC., <br><br> Plaintiff, <br><br> v. <br><br> PERPLEXITY AI, INC., <br><br> Defendant. <br><br> PERPLEXITY AI, INC., <br><br> Counterclaimant, <br><br> v. <br><br> PERPLEXITY SOLVED SOLUTIONS INC., <br><br> Counterdefendant. | Case No. 3:25-cv-00989-JSC <br><br> **JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER** <br><br> Judge: Hon. Jaqueline S. Corley <br> Courtroom: 8, 19th Floor |

Page **1** of **10**

*Form updated January 17, 2023*

Plaintiff and Counterdefendant Perplexity Solved Solutions Inc. ("Plaintiff") and Defendant and Counterclaimant Perplexity AI, Inc. ("Defendant") jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9. Plaintiff and Defendant are referred to herein individually as a "Party" and collectively as the "Parties."

1. **Jurisdiction & Service**

This action arises under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, the Declaratory Judgment Act, 28 U.S.C. § 2201, and California statutory and common law. This Court has original subject matter jurisdiction over the Lanham Act and Declaratory Judgment Act claims pursuant to 28 U.S.C. §§ 1331 and 1338, and supplemental jurisdiction over the statutory and common law claims, which form part of the same case or controversy, pursuant to 28 U.S.C. § 1367(a). The Parties are not aware of any issues regarding personal jurisdiction or venue and all Parties have been served.

2. **Facts**

On January 30, 2025, Plaintiff filed its Complaint (Dkt. No. 1) against Defendant for: (1) Trademark Infringement in Violation of Section 32(1) of the Lanham Act; (2) Unfair Competition and False Designation of Origin in Violation of Section 43(a) of the Lanham Act; (3) Cybersquatting in Violation of Section 43(d) of the Lanham Act (referred to herein as the "Cybersquatting Claim"); (4) Unfair Business Practices in Violation of Cal. Bus. & Prof. Code § 17200 *et seq.*; (5) Common Law Trademark Infringement and Unfair Competition; and (6) Declaratory Judgment Regarding Defendant's Pending Applications. Plaintiff claims trademark rights in the PERPLEXITY word mark and related logo ⓜPerplexity (the "PERPLEXITY Leaf Logo" and, together with the PERPLEXITY word mark, "Plaintiff's Marks") dating back to 2017 based on the activities of Plaintiff, its owner and founder (Dawn Gallman Mobley), and a related entity, Perplexity Solved Solutions Inc, a Georgia corporation (also founded and owned by Ms. Mobley) (Dkt. No. 33). Plaintiff owns a federal trademark registration for the

Form updated January 17, 2023

PERPLEXITY Leaf Logo (Reg. No. 6,906,290) for "software as a service (SAAS) services featuring software for data analytics and UI testing" in Class 42.  Plaintiff also owns the *perplexityonline.com* and *perplexitymeet.com* websites.  Under Plaintiff's Marks, Plaintiff primarily claims to offer these SaaS services, a video conferencing platform, and related software solutions and services.

On April 2, 2025, Defendant filed Counterclaims (Dkt. No. 23) against Plaintiff for: (1) "Cancellation of [Plaintiff] PSSI's U.S. Trademark Registration Under 15 U.S.C. § 1115(b)(1) and 15 U.S.C. § 1119 (*for Fraud*);" and (2) "Cancellation of [Plaintiff] PSSI's U.S. Trademark Registration Under 15 U.S.C. § 1064(3) and 15 U.S.C. § 1119 (*for Non-use/Abandonment*)." Defendant also filed an Answer (Dkt. No. 23) and Motion to Dismiss Plaintiff's Cybersquatting Claim (Dkt. No. 18).  Defendant claims trademark rights to the PERPLEXITY word mark and logo ✻ perplexity (collectively, "Defendant's Marks") dating back to August 2022 to primarily offer an artificially intelligent conversational chatbot that provides direct, accurate, and well-sourced answers to any user query, including through its website (*perplexity.ai*) and mobile app. Defendant subsequently filed U.S. Application Serial Nos. 98/400,215, 98/400,216, and 98/437,227 (collectively, "Pending Applications") for the marks PERPLEXITY and PERPLEXITY AI in Classes 9 and 41.

Prior to the filing of this lawsuit, Defendant contacted Plaintiff to discuss the possibility of acquiring Plaintiff's trademark rights, but Plaintiff declined to sell.  Instead, Plaintiff insisted that Defendant cease all use of Plaintiff's Marks (including Defendant's Marks), but Defendant declined to do so.  Thus, the Parties come to the Court primarily to determine (1) whether Plaintiff's trademark rights have been infringed by Defendant; and (2) whether Plaintiff's trademark rights are valid and whether the registration for the PERPLEXITY Leaf Logo is subject to cancellation for fraud and abandonment.

3. **Legal Issues**

The following points of law are in dispute:

*Form updated January 17, 2023*

- Whether the use of Defendant's Marks violates Plaintiff's rights in the Plaintiff's Marks under federal and California laws by causing a likelihood of consumer confusion;
- Whether Defendant's use of the *perplexity.ai* domain name constitutes cybersquatting under the federal Lanham Act;
- Whether Defendant's Pending Applications should be refused based on a likelihood of confusion with Plaintiff's trademark rights; and
- Whether Plaintiff committed fraud in obtaining its trademark registration for the PERPLEXITY Leaf Logo or subsequently abandoned these rights.

### 4. Motions

On April 2, 2025, Defendant filed a Motion to Dismiss Plaintiff's cybersquatting claim. *See* Dkt. No. 18. The Motion to Dismiss is fully briefed as of May 6, 2025 (Dkt. Nos. 31, 36) and scheduled to be heard on June 5, 2025 (Dkt. No. 24). There are no other pending motions at this time.

The Parties anticipate filing Motions for Summary Judgment as to all claims and counterclaims at the appropriate time. The Parties reserve the right to file any other motion on any other basis, including based on information disclosed in the course of discovery.

### 5. Amendment of Pleadings

The Parties presently do not intend to amend their pleadings. However, the Parties reserve the right to amend their pleadings to add or dismiss parties, claims, and/or defenses in light of subsequent developments. As set forth in Section 16 below, the Parties' efforts to meet and confer on the deadline to amend their pleadings were unsuccessful.

### 6. Evidence Preservation

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and have met and conferred pursuant to Fed. R. Civ. P.

*Form updated January 17, 2023*

26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

**7.   Disclosures**

The Parties exchanged Initial Disclosures on May 9, 2025, as agreed to during their Rule 26(f) meeting.  Pursuant to Fed. R. Civ. P. 26, the Parties disclosed anticipated witnesses, categories of relevant documents, damages, and insurance information.

**8.   Discovery**

The Parties have exchanged Initial Disclosures and Defendant served a First Set of Requests for Production and First Set of Interrogatories on Plaintiff, and a document subpoena on the Georgia corporation Perplexity Solved Solutions Inc [sic].

The parties propose the following discovery plan pursuant to Fed. R. Civ. P. 26(f):

(A)   The Parties do not propose any changes in the form, or requirement for disclosures under Fed. R. Civ. P. 26(a), except for the extension to May 9, 2025 for making the disclosures.

(B)   The Parties anticipate seeking discovery predominantly on the factual and legal issues described in detail in Section 2 and 3 above, and the requested relief discussed in Section 11 below.  The Parties believe that the time allotted in Section 16 below should be sufficient time to conduct fact discovery, but reserve the right to seek additional time to the extent necessary.  At this point, the Parties do not believe that discovery needs to be phased.

(C)   Plaintiff anticipates potential disputes regarding (1) Defendant's service of a subpoena on Plaintiff's corporate affiliate, particularly, Georgia corporation Perplexity Solved Solutions Inc; and (2) Defendant's intention to serve a subpoena on Tiffany Gallman, a former officer of Perplexity Solved Solutions Inc (the Georgia corporation) and the sister of Dawn Gallman Mobley.  The Parties presently do not anticipate any other disputes regarding disclosure, discovery, or

*Form updated January 17, 2023*

preservation of electronically stored information.  The Parties intend to enter into a stipulated e-discovery order, which will set forth the form in which discovery should be produced.

(D) The Parties presently do not anticipate any issues regarding claims of privilege or of protection as to trial-preparation materials at this time.  The Parties are meeting-and-conferring regarding the disclosure of privileged information and anticipate memorializing their agreements in a stipulated e-discovery order.

(E) The Parties presently do not believe it is necessary to make any changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and/or the Local Rules.

(F) The Parties anticipate exchanging confidential and/or proprietary business information during discovery and are in the process of negotiating a stipulated protective order.

9. **Class Actions**

This case is not a class action.

10. **Related Cases**

There are two related proceedings pending before the United States Patent and Trademark Office's Trademark Trial and Appeal Board:  (1) Plaintiff opposed Defendant's Pending Applications (Opp. No. 91,296,890); and (2) Defendant petitioned to cancel Plaintiff's registration for the PERPLEXITY Leaf Logo (Cancellation No. 92,087,984).  Both proceedings have been suspended pending final disposition of this case.

11. **Relief**

Plaintiff seeks monetary relief primarily arising from the alleged harm to Plaintiff's Marks and Defendant's profits from using Defendant's Marks, as well as punitive and statutory damages, and the recovery of its costs and fees.  Plaintiff seeks injunctive relief to primarily stop use of

*Form updated January 17, 2023*

Defendant's Marks and have the Pending Applications refused and the *perplexity.ai* domain name transferred to it.

Defendant primarily seeks the cancellation of Plaintiff's trademark registration for the PERPLEXITY Leaf Logo.

**12.   Settlement and ADR**

The Parties have engaged in settlement discussions, but no agreement was reached.

On April 10, 2025, each Party filed its ADR Certification pursuant to ADR L.R. 3-5(b). *See* Dkt. Nos. 27-28. Both Parties are amenable to engaging in ADR, but do not agree on the process. Plaintiff's preferred option is a settlement conference before a magistrate judge. Defendant's preferred option is a private mediation. The Parties look forward to discussing ADR selection with the Court at the case management conference.

**13.   Other References**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14.   Narrowing of Issues**

The Parties believe the following issue(s) are most consequential to the case:

1. Whether Defendant's Marks are confusingly similar to Plaintiff's Marks when used with the Parties' respective goods and services such that consumer confusion is likely to occur; and

2. Whether Plaintiff's registration for the leaf logo should be cancelled for fraud and abandonment.

The Parties may be able to narrow certain issues via stipulated facts or dispositive motion. At this time, the Parties do not foresee bifurcating any issues, claims, or defenses, but reserve the right to request bifurcation later in the litigation.

**15.   Expedited Trial Procedure**

The Parties do not believe that this case is appropriate for the Expedited Trial Procedure.

*Form updated January 17, 2023*

16. **Scheduling**

After unsuccessful meet and confer efforts, the Parties propose the following dates:

| Event | Defendant | Plaintiff | Court Ordered |
|---|---|---|---|
| Deadline to Move to Amend Pleadings | 8/8/2025 | 07/18/2025 | |
| Deadline to Complete Initial ADR | 10/15/2025 | 08/15/2025 | |
| Fact Discovery Cut-Off | 5/27/2026 | 12/19/2025 | |
| Expert Witness Disclosures | 7/22/2026 | 01/16/2026 | |
| Rebuttal Expert Disclosures | 9/16/2026 | 02/16/2026 | |
| Expert Discovery Cut-Off | 10/21/2026 | 03/09/2026 | |
| Deadline for Filing Dispositive/Daubert Motions | 11/20/2026 | 04/08/2026 | |
| Deadline for Hearing Dispositive Motions | 1/28/2027 | 06/15/2026 | |
| Final Pre Trial Conference [Thursday at 1:30pm] | 4/29/2027 | 09/03/2026 | |
| Trial Start [Monday at 8:30 a.m. – 2:00 p.m.] | 5/17/2027 | 09/21/2026 | |

17. **Trial**

The Parties request that this case be tried to a jury and anticipate the trial taking 6-9 days.

18. **Disclosure of Non-party Interested Entities or Persons**

The Parties filed their respective Certifications of Conflicts and Interested Entities or Persons (Dkt. Nos. 3, 19, 33), with the only parties being identified as having a financial or other kind of interest in the proceeding being Perplexity Solved Solutions, Inc, a Georgia corporation, by Plaintiff, and the following entities by Defendant:  Perplexity AI Portugal, Unipessoal LDA; Perplexity AI Ltd.; Perplexity Management Co., LLC; and Perplexity F7 Fund I LP.

19. **Professional Conduct**

The Parties' attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

*Form updated January 17, 2023*

**20.**   **Other**

At this time, the Parties are not aware of any other matters that may facilitate the just, speedy, and inexpensive disposition of the case.

Dated: May 13, 2025

| LATHAM & WATKINS LLP | MITCHELL SILBERBERG & KNUPP LLP |
|---|---|
| /s/ Jennifer L. Barry<br>Jennifer L. Barry (Bar No. 228066)<br>  jennifer.barry@lw.com<br>Patrick C. Justman (Bar No. 281324)<br>  patrick.justman@lw.com<br>Melanie J. Grindle (Bar No. 311047)<br>  melanie.grindle@lw.com<br>Adam A. Herrera (Bar No. 328043)<br>  adam.herrera@lw.com<br>12670 High Bluff Drive<br>San Diego, CA 92130<br>858.523.5400 / 858.523.5450 Fax<br><br>*Attorneys for Defendant and Counterclaimant Perplexity AI, Inc.* | /s/ Marissa B. Lewis<br>Eleanor M. Lackman (Bar No. 298584)<br>  eml@msk.com<br>2049 Century Park East, 18th Floor<br>Los Angeles, CA 90067-3120<br>212.878.4890 / 971.545.7675 Fax<br><br>Marissa B. Lewis (*pro hac vice*)<br>  mbl@msk.com<br>437 Madison Avenue, 25th Floor<br>New York, NY 10022<br>212.509.3900<br><br>*Attorneys for Plaintiff and Counterdefendant Perplexity Solved Solutions, Inc.* |

### ATTESTATION

The undersigned attest that concurrence in the filing of the foregoing Joint Case Management Statement was obtained from all of its signatories.

Dated: May 13, 2025                                    /s/ Marissa B. Lewis
                                                                         Marissa B. Lewis

**CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions.

IT IS SO ORDERED.

Dated:

Honorable Jacqueline S. Corley<br>United States District Judge

*Form updated January 17, 2023*