UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERPLEXITY SOLVED SOLUTIONS, INC., <br><br>    Plaintiff, <br><br> v. <br><br> PERPLEXITY AI, INC., <br><br>    Defendant. <br><br><br> PERPLEXITY AI, INC., <br><br>    Counterclaimant-Plaintiff, <br><br> v. <br><br> PERPLEXITY SOLVED SOLUTIONS, INC., <br><br>    Counterclaim-Defendant. | Case No. 3:25-cv-00989 <br><br> **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS CYBERSQUATTING CLAIM** <br><br> Re: Dkt. No. 18 |

Plaintiff Perplexity Solved Solutions, Inc. ("Plaintiff") sues Perplexity AI, Inc. ("Defendant") for trademark infringement-related claims. Pending before the Court is Defendant's motion to dismiss the claim under the Anti-Cybersquatting Consumer Protection Act, 15 USC § 1125(d) ("cybersquatting claim"). (Dkt. No. 18.)[1] After carefully considering the parties' written submissions, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), VACATES the June 5, 2025 motion hearing, and GRANTS Defendant's motion to dismiss the cybersquatting claim, with leave to amend. The case management conference will be held by

---

[1] Record Citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the document.

Zoom at 9:45 a.m. on June 5, 2025.

## DISCUSSION

Cybersquatting occurs when a person other than the trademark holder registers the domain name of a well known trademark and then attempts to profit from this by either ransoming the domain name back to the trademark holder or by using the domain name to divert business from the trademark holder to the domain name holder.

*Bosley Med. Inst., Inc. v. Kremer*, 403 F.3d 672, 680 (9th Cir. 2005). The Anti-Cybersquatting Act

establishes civil liability for "cyberpiracy" where a plaintiff proves that

(1) the defendant registered, trafficked in, or used a domain name;
(2) the domain name is identical or confusingly similar to a protected mark owned by the plaintiff; and
(3) the defendant acted "with bad faith intent to profit from that mark."

*DSPT Int'l, Inc. v. Nahum*, 624 F.3d 1213, 1218-19 (9th Cir. 2010). "'A finding of 'bad faith' is an essential prerequisite to finding an ACPA violation,' though it is not required for general trademark liability." *Lahoti v. VeriCheck, Inc.*, 586 F.3d 1190, 1202 (9th Cir. 2009) (cleaned up). Defendant moves to dismiss on the grounds Plaintiff has not alleged facts that plausibly support an inference of Defendant's "bad faith intent to profit from that mark." The Court agrees.

Plaintiff alleges Defendant had knowledge of Plaintiff's mark, and that Plaintiff's mark is confusingly similar to Defendant's domain name, but these facts alone are insufficient to support a plausible inference of bad faith intent to use the domain name to profit from Plaintiff's mark; otherwise, nearly every trademark case could plausibly support a cybersquatting claim. And while the allegation Defendant offered to buy Plaintiff's mark plausibly supports an inference Defendant believed its mark is similar to Plaintiff's mark, it does not plausibly support an inference Defendant used its domain name with bad faith intent to profit from Plaintiff's mark. Further, Plaintiff's allegation that Defendant "inten[ded] to . . . divert traffic from [Plaintiff's] websites" is an unsupported conclusion. (Dkt. No. 1 ¶ 52.) What factual allegations plausibly support such an inference? None pled. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Plaintiff's cited cases highlight the insufficiency of its allegations. For example, in *Intel*

*Corp. v. Americas News Intel. Publishing*, the court concluded that although it was a "closer question," the allegations the plaintiff's websites

> *prominently feature Intel's trademarks and products*, combined with the fact that [the defendant's] domain names use and emphasize the term "intel," is sufficient to state a plausible claim that ANIP registered its domain names with the bad faith intent to "divert business from the trademark holder to the domain name holder."

*Intel Corp. v. Americas News Intel Pub., LLC*, No. 09-cv-05085-CRB, 2010 WL 2740063, at *6 (N.D. Cal. July 12, 2010) (emphasis added).  No similar allegations, such as that Defendant features Plaintiff's products on Defendant's website, are made in this case.  And in *Renovation Realty, Inc. v. Esplanade*, No. 13-cv-00396-MMA (BLM), 2013 WL 12114628, at *1 (S.D. Cal. May 9, 2013), the plaintiff alleged the defendant registered and renewed a domain name nearly identical to the plaintiff's without ever using the domain in commerce, and indeed, the domain name there contained no content and was "essentially a non-functioning address."  Again, no similar allegations are made here.  So, Plaintiff has not plausibly alleged a cybersquatting claim.

## CONCLUSION

For the reasons stated above, Defendant's motion to dismiss is GRANTED with leave to amend the cybersquatting claim.  Any amended complaint must be filed by June 23, 2025.  Plaintiff may not add any new claims or parties without further leave of court.  The initial case management conference will proceed at 9:45 a.m. on June 5, 2025 via Zoom video.

This Order disposes of Docket No. 18.

**IT IS SO ORDERED.**

Dated: June 2, 2025

JACQUELINE SCOTT CORLEY
United States District Judge

3