ELEANOR M. LACKMAN (SBN 298594)
eml@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, California 90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

MARISSA B. LEWIS (SBN 5226956)
mbl@msk.com
437 Madison Avenue, 25th Floor
New York, New York 10022
Telephone: (212) 509-3900
Facsimile: (212) 509-7239

*Attorneys for Plaintiff and Counter-Defendant
Perplexity Solved Solutions Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| PERPLEXITY SOLVED SOLUTIONS INC., <br><br> Plaintiff, <br><br> v. <br><br> PERPLEXITY AI, INC., <br><br> Defendant. | Case No. 3:25-cv-00989-JSC <br><br> **ADMINISTRATIVE MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF AND COUNTER-DEFENDANT PERPLEXITY SOLVED SOLUTIONS INC.** <br><br> Hon. Jacqueline Scott Corley |
| PERPLEXITY AI, INC., <br><br> Counterclaimant, <br><br> v. <br><br> PERPLEXITY SOLVED SOLUTIONS INC., <br><br> Counter-Defendant. | |

Mitchell Silberberg & Knupp LLP

Pursuant to Rule 7-11 of the Local Civil Rules of the United States District Court for the Northern District of California ("Local Rule"), Mitchell Silberberg & Knupp LLP and its individual attorneys Eleanor M. Lackman and Marissa B. Lewis (collectively, "MSK") respectfully move to be relieved as the attorneys of record for Plaintiff and Counter-Defendant Perplexity Solved Solutions Inc ("PSSI") in this action pursuant to Local Rule 11-5 and Rule 1.16(b)(4) of the California Rules of Professional Conduct ("Motion") on the grounds that there has been an irreparable breakdown in the attorney-client relationship and such breakdown has rendered it unreasonably difficult for MSK to carry out the representation effectively. In order to preserve the attorney-client privilege, MSK cannot provide detail regarding the nature of the breakdown in the relationship.

Although, as set forth below and in the accompanying Declaration of Marissa B. Lewis ("Lewis Decl."), MSK provided the notice required by Local Rule 11-5, by this Motion, MSK again provides notice to PSSI regarding the relief sought by this Motion and the consequences of this Motion should it be granted:

**NOTICE TO CLIENT PERPLEXITY SOLVED SOLUTIONS INC.**

MSK seeks an order from the Court permitting MSK to withdraw as your counsel in this action. If this Motion to be relieved as counsel is granted, your present attorney will no longer be representing you. As you are a corporation, you are not permitted to self-represent and must be represented by a licensed California attorney admitted to practice before this Court. YOU SHOULD IMMEDIATELY SEEK LEGAL ADVICE REGARDING LEGAL REPRESENTATION. If this Motion to be relieved as counsel is granted, you will not have an attorney representing you. FAILURE TO RETAIN AN ATTORNEY MAY LEAD TO AN ORDER STRIKING YOUR PLEADINGS OR TO THE ENTRY OF A DEFAULT JUDGMENT AGAINST YOU.

## I. FACTUAL BACKGROUND AND PROCEDURAL POSTURE OF THE CASE

### A. Background of The Case.

On January 30, 2025, PSSI filed a Complaint (Dkt. No. 1) against Defendant Perplexity AI, Inc. ("Defendant") for: (1) Trademark Infringement in Violation of Section 32(1) of the Lanham Act; (2) Unfair Competition and False Designation of Origin in Violation of Section 43(a) of the Lanham Act; (3) Cybersquatting in Violation of Section 43(d) of the Lanham Act (referred to herein as the "Cybersquatting Claim"); (4) Unfair Business Practices in Violation of Cal. Bus. & Prof. Code § 17200 et seq.; (5) Common Law Trademark Infringement and Unfair Competition; and (6) Declaratory Judgment Regarding Defendant's Pending Applications.

On April 2, 2025, Defendant filed an Answer and Counterclaims (Dkt. No. 23) against PSSI for: (1) "Cancellation of PSSI's U.S. Trademark Registration Under 15 U.S.C. § 1115(b)(1) and 15 U.S.C. § 1119 (for Fraud);" and (2) "Cancellation of PSSI's U.S. Trademark Registration Under 15 U.S.C. § 1064(3) and 15 U.S.C. § 1119 (for Non-use/Abandonment)." Defendant also filed a Motion to Dismiss PSSI's Cybersquatting Claim (Dkt. No. 18), which the Court granted on June 2, 2025 (Dkt. No. 42).

No trial date has been set in this case. *See* Lewis Decl. ¶ 7. The case currently is in the early stage of discovery, with the initial case management conference set for August 27, 2025. *Id.*

### B. Breakdown In The Attorney-Client Relationship.

The law firm of Mitchell Silberberg & Knupp LLP and its individual attorneys Eleanor M. Lackman and Marissa B. Lewis, has represented PSSI since the inception of this action. *See* Lewis Decl. ¶ 2. There has been an irreparable breakdown in the attorney-client relationship between MSK and PSSI. *Id.* ¶ 5. As a result, MSK cannot continue to effectively represent PSSI in connection with this matter. *Id.*

MSK has duly notified PSSI of its intention to withdraw as counsel in this action. *Id.* ¶ 3. Specifically, on June 20, 2025, Ms. Lewis wrote to PSSI via email to request that PSSI substitute new counsel in place of MSK in this action by June 30, 2025, failing which, MSK intended to file a motion to withdraw as counsel. *Id.* MSK also gave PSSI written notice that, as a corporation, it cannot self-represent in this action. *Id.* On June 30, 2025, PSSI responded that it was "in the process

of substituting counsel." *Id.* Having received no update, MSK followed up with PSSI via email multiple times. *Id.* To date, PSSI still has not identified or substituted in new counsel (*id.*), necessitating the instant Motion to be relieved as the attorneys of record for PSSI in this action.

On June 30, 2025, MSK notified Defendant's counsel of its intention to withdraw as counsel. *See* Lewis Decl. ¶ 4. MSK notified Defendant's counsel again on July 12, 2025. *Id.*

## II.   ARGUMENT

### A.   Good Cause Exists To Grant MSK Leave To Withdraw As Counsel Of Record For PSSI

In this District, "[c]ounsel may not withdraw from an action until relieved by order of the Court after written notice has been provided, reasonably in advance, to the client and to all other parties who have appeared in the case." N.D. Cal. Civ. L.R. 11-5(a); *see also District Council 16 N. Cal. Health & Welfare Trust Fund v. Lambard Enters., Inc.*, 2010 WL 3339446, at *1 (N.D. Cal. Aug. 24, 2010) (internal citations omitted).

The decision to permit withdrawal of counsel is within the trial court's discretion. *See United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009); *Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1087 (7th Cir. 1982) ("The grant or denial of an attorney's motion to withdraw in a civil case is a matter addressed to the discretion of the trial court and will be reversed on appeal only when the trial court has abused its discretion.") (citation omitted). Courts ruling on motions to withdraw have considered, among other things: "(1) the reasons counsel seeks to withdraw; (2) the possible prejudice that withdrawal may cause to other litigants; (3) the harm that withdrawal might cause to the administration of justice; and (4) the extent to which withdrawal will delay resolution of the case." *Deal v. Countrywide Home Loans*, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010) (citation omitted). Courts also consider the standards of professional conduct required of members of the State Bar of California. *See, e.g.*, *U.A. Local 342 Joint Labor-Mgmt. Comm. v. So. City Refrigeration, Inc.*, 2010 WL 1293522, at *3 (N.D. Cal. Mar. 31, 2010); *California Native Plant Soc'y v. U.S. E.P.A.*, 2008 WL 4911162, at *1 (N.D. Cal. Nov. 14, 2008). Under California Rule of Professional Conduct 1.16(b)(4), an attorney may request permission to withdraw when the

client's "conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively." Cal. R. Prof'l Conduct 1.16(b)(4).

Here, good cause exists for permitting MSK to withdraw as counsel and all of the factors enumerated above justify withdrawal. As discussed in the accompanying Declaration of Marissa B. Lewis, there has been a breakdown in the relationship with PSSI that has rendered it unreasonably difficult for MSK to carry out the representation effectively and makes it inappropriate for MSK to continue as counsel for PSSI.[1] *See* Lewis Decl. ¶ 5.

These developments have made it infeasible for MSK to continue representing PSSI in this action. *Id.* Professional considerations require termination of the representation and the situation is one in which withdrawal is appropriate. *Id.* Thus, there is good cause for MSK's withdrawal. *See, e.g.*, *U.A. Local 342*, 2010 WL 1293522, at *3; *McClintic v. U.S. Postal Serv.*, 2014 WL 51151, at *2 (E.D. Cal. Jan. 7, 2014) (collecting cases in which a client's failure to cooperate or communicate effectively with counsel justified the attorney's motion to withdraw). As for the prejudice to other litigants if counsel is allowed to withdraw, this case is still in its early stages and no trial date has been set. *See* Lewis Decl. ¶ 7. A short delay for PSSI to locate new counsel will not prejudice Defendant. Nor will it cause harm to the administration of justice or unreasonably delay resolution of the case.

---

[1] Confidential information cannot be revealed on a motion to withdraw despite its relevance to the underlying basis for withdrawal. *See* Cal. R. Ct. 3.1362(c) (attorney's declaration in support of withdrawal motion cannot compromise attorney-client confidentiality); Cal. State Bar Form. Op. 2015-192; ABA Model R. Prof'l Conduct 1.16, Comment [3] (sufficient to state "professional considerations require termination of the representation" or that situation is one in which withdrawal is appropriate). Indeed, withdrawal should not be denied where "counsel maintains he [or she] must step down because of a disabling conflict, the conflict concededly involves privileged communications and the trial court admittedly accepts counsel's representations…." *See, e.g.*, A*ceves v. Sup. Ct. (People)*, 51 Cal. App. 4th 584, 596, 59 Cal. Rptr. 2d 280, 286-87 (1996); *Uhl v. Mun. Ct. (People)*, 37 Cal. App. 3d 526, 535, 112 Cal. Rptr. 478, 484 (1974) (public defender permitted to withdraw based on assertion conflict existed with unnamed client in another proceeding).

### B. MSK Has Taken Reasonable Steps to Avoid Reasonably Foreseeable Prejudice to PSSI's Rights

MSK has provided PSSI with reasonable notice of its intent to file a motion to withdraw from this case and it has complied with all notice requirements. *See* Cal. R. Prof'l Conduct 1.16(d); N.D. Cal. Local Rule 11-5(a). Although this District does not require notice to be a specific number of days in advance, the notice given by MSK was reasonable. *See Gianni Versace, S.p.A. v. Versace 19.69 Abbigliamento Sportivo SRL*, No. 4:16-cv-03617-HSG, Dkt. No. 158 (N.D. Cal. July 14, 2017) (ordering unrepresented party to find new lawyer in 30 days); *Hernandez-Garcia v. Dana*, 2023 WL 2593968, at *2 (S.D. Cal. Mar. 21, 2023) (holding that one week's notice to opposing counsel, not the client, was reasonable, because the case was in its very early stages and there was also a family emergency).

Here, MSK provided both PSSI and opposing counsel with ample and reasonable notice of its intent to withdraw. *See* Lewis Decl. ¶¶ 3-4. Moreover, due to the early stage of the case, neither PSSI nor the opposing party will be prejudiced by MSK's withdrawal. *Id.* ¶ 7.

### III. CONCLUSION

The Court should grant MSK's Motion because good cause exists in that there has been a breakdown in the attorney-client relationship between MSK and PSSI. Moreover, MSK has given reasonable notice to PSSI and to opposing counsel. As such, MSK respectfully requests that this Court grant its Motion.

DATED: July 18, 2025                    MITCHELL SILBERBERG & KNUPP LLP

                                        By:   /s/ Marissa B. Lewis
                                              Marissa B. Lewis
                                              *Attorneys for Plaintiff and Counter-Defendant*
                                              Perplexity Solved Solutions Inc.