ELEANOR M. LACKMAN (SBN 298594)
eml@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, California 90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

MARISSA B. LEWIS (SBN 5226956)
mbl@msk.com
437 Madison Avenue, 25th Floor
New York, New York 10022
Telephone: (212) 509-3900
Facsimile: (212) 509-7239

*Attorneys for Plaintiff and Counter-Defendant Perplexity Solved Solutions Inc.*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| PERPLEXITY SOLVED SOLUTIONS INC., <br><br> Plaintiff, <br><br> v. <br><br> PERPLEXITY AI, INC., <br><br> Defendant. | Case No. 3:25-cv-00989-JSC <br><br> **DECLARATION OF MARISSA B. LEWIS IN SUPPORT OF ADMINISTRATIVE MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF AND COUNTER-DEFENDANT PERPLEXITY SOLVED SOLUTIONS INC.** <br><br> Hon. Jacqueline Scott Corley |
| PERPLEXITY AI, INC., <br><br> Counterclaimant, <br><br> v. <br><br> PERPLEXITY SOLVED SOLUTIONS INC., <br><br> Counter-Defendant. | |

**LEWIS DECLARATION IN SUPPORT OF ADMINISTRATIVE MOTION TO WITHDRAW AS COUNSEL**

**DECLARATION OF MARISSA B. LEWIS**

I, MARISSA B. LEWIS, declare:

1. I am an attorney at law duly licensed to practice law in the State of New York and admitted to practice *pro hac vice* before this Court in this matter. I am a partner in the law firm of Mitchell Silberberg & Knupp LLP, attorneys of record for Plaintiff and Counter-Defendant Perplexity Solved Solutions Inc. ("PSSI"). I have personal knowledge of the following facts and, if called and sworn as a witness, could and would competently testify thereto.

2. The law firm of Mitchell Silberberg & Knupp LLP and its individual attorneys Eleanor M. Lackman and Marissa B. Lewis (collectively, "MSK") has represented PSSI since the inception of this action. MSK now seeks to withdraw as counsel for PSSI in this action pursuant to California Rules of Professional Conduct 1.16(b)(4). I submit this declaration in support of MSK's administrative motion to withdraw as counsel for PSSI ("Motion").

3. Pursuant to Local Rule 11-5(a), on June 20, 2025, I provided PSSI written notice by email of MSK's intention to withdraw as counsel and requested that PSSI substitute new counsel in place of MSK by June 30, 2025. I informed PSSI in my email that, as a corporation, PSSI cannot represent itself in this action. On June 30, 2025, PSSI responded via email that PSSI was "in the process of substituting counsel" who would "be reaching out to [MSK] between today [June 30, 2025] or tomorrow [July 1, 2025] to work with [MSK] on the substitution filings." As of the date of this filing, MSK has not been contacted by any such counsel. I followed up with PSSI via email regarding the substitution of counsel on July 1, July 2, July 3, and July 9, 2025. As of the date of this declaration, MSK has not received the name of substitute counsel nor been contacted by substitute counsel.

4. On June 30, 2025, I provided notice to opposing counsel via email that MSK intended to seek to withdraw as counsel for PSSI. I provided a second notice on July 12, 2025.

5. Due to MSK's professional and ethical obligations to PSSI, I cannot set forth here a detailed discussion regarding the nature of the breakdown in the attorney-client relationship with PSSI. I can represent to the Court that there has been an irreparable breakdown in the attorney-client relationship and that my firm cannot continue to effectively represent PSSI. *See* Cal. R. Prof'l

2

Conduct 1.16(b)(4) (describing the circumstances under which the lawyer may withdraw due to a breakdown in the attorney-client relationship, such that the lawyer's continued representation of the client would be unreasonably difficult to continue). In my opinion, professional considerations require termination of the representation and the situation is one in which withdrawal is appropriate.

6. Should the Court require additional information pertaining to the conditions and circumstances related to MSK's request to withdraw as counsel, I will to the extent permissible provide such additional information and respond to any questions the Court may have in camera, though of course MSK will remain bound by its duty of confidentiality to PSSI.

7. No trial date has been set in this case, and the parties are currently still in the discovery stage. In light of the anticipated substitution of counsel, the initial case management conference has been continued to August 27, 2025, and deadline for the parties to file their joint statement correspondingly has been reset for August 20, 2025. I believe that PSSI will therefore have sufficient time to find replacement counsel without causing prejudice to it or the opposing party, or unreasonable delay in the resolution of this case.

8. Pursuant to Local Rule 7-11, MSK attempted to obtain stipulations under Local Rule 7-12 in connection with this Motion. PSSI has not agreed to sign the stipulation. MSK was unable to obtain such a stipulation from Defendant because Defendant's counsel imposed a condition on the timing of the substitution of new counsel which MSK was not in a position to accept, as MSK is not in control of when new counsel may appear in the case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 18th day of July, 2025, at New York, New York.

                                                    /s/ Marissa B. Lewis
                                                    Marissa B. Lewis