UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERPLEXITY SOLVED SOLUTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> PERPLEXITY AI, INC., <br><br> Defendant. <br><br> ──────────────────── <br><br> PERPLEXITY AI, INC., <br><br> Counterclaimant-Plaintiff, <br><br> v. <br><br> PERPLEXITY SOLVED SOLUTIONS, INC., <br><br> Counterclaim-Defendant. | Case No. 3:25-cv-00989 <br><br> **ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL OF RECORD** <br><br> Re: Dkt. No. 50 |

Now pending before the Court is a motion to relieve Mitchell Silberg & Knupp LLP and its individual attorneys Eleanor M. Lackman and Marissa B. Lewis (collectively "Counsel") as attorneys of record for Plaintiff and Counterclaim Defendant Perplexity Solved Solutions, Inc. ("Plaintiff"). (Dkt. No. 50.) Having reviewed the parties' submissions, the Court GRANTS Counsel's motion to withdraw as counsel of record for Plaintiff, conditioned upon the firm continuing to accept service of all documents on Plaintiff until Plaintiff obtains alternate counsel.

Civil Local Rule 5-1(c) provides "[t]he withdrawal of a party's sole remaining counsel is governed by Civil L.R. 11-5 and requires an order of the Court." Civil Local Rule 11-5(a), in turn, provides "[c]ounsel may not withdraw from an action until relieved by order of the Court after written notice has been provided, reasonably in advance, to the client and to all other parties who

have appeared in the case." "In this district, the conduct of counsel, including withdrawal of counsel, is governed by the standards of professional conduct required of members of the State Bar of California." *Russell v. Maman*, No. 18-cv-06691-RS, 2020 WL 13534011, at *1 (N.D. Cal. Mar. 16, 2020). "Ultimately, the decision to grant or deny an attorney's motion to withdraw as counsel is committed to the sound discretion of the trial court." *Id.* (cleaned up).

Ms. Lewis attests "there has been an irreparable breakdown in the attorney-client relationship and that [her] firm cannot continue to effectively represent [Plaintiff]." (Dkt. No. 50-1 ¶ 5.) She does not exhaustively detail the breakdown in light of "professional and ethical obligations," but does attest "professional considerations require termination of the representation and the situation is one in which withdrawal is appropriate." (*Id.*) She further offers, if the Court deems additional information necessary to render its decision, "to the extent permissible provide such additional information and respond to any questions the Court may have in camera." (*Id.* ¶ 6.)

The Court in its discretion concludes *in-camera* review is not required and GRANTS Counsel's motion to withdraw as counsel of record for Plaintiff. Ms. Lewis' attestation of a breakdown in the attorney-client relationship such that her firm's continued representation of Plaintiff is unreasonably difficult under California Rule of Professional Conduct 1.16(b)(4) satisfies the Court that withdrawal is sought for a valid reason. She attests that on June 20, 2025, she provided notice of her intent to withdraw, and that on June 30, 2025, Plaintiff responded that it was in the process of substituting counsel. (*Id.* ¶ 3.) Ms. Lewis has attempted to further follow up with Plaintiff on July 1, 2, 3, and 9, but as of July 18, she had not received further response. (*Id.*) Defendant does not oppose the motion and only requests imposition of conditions requiring a deadline to substitute counsel. (Dkt. No. 52.) Practical considerations do not weigh against withdrawal. The initial case management conference is scheduled for August 27, 2025 with a joint case management statement due a week in advance. No further deadlines have yet been set.

However, the withdrawal is "subject to the condition that papers may continue to be served on counsel for forwarding purposes" until Plaintiff retains new counsel. *See* N.D. Cal. L.R. 11-5(b). As Perplexity Solved Solutions Inc. is a corporation and "a corporation may appear in the

federal courts only through licensed counsel," *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993), Plaintiff is advised that failure to retain substitute counsel may result in the entry of default judgment on counterclaims against it, *see Emp. Painters' Tr. v. Ethan Enters., Inc.*, 480 F.3d 993, 998 (9th Cir. 2007), and dismissal of its action against Defendant. *See Greenspan v. Admin. Off. of the United States Cts.*, No. 14-cv-02396-JTM, 2014 WL 6847460, at *6 (N.D. Cal. Dec. 4, 2014) (dismissing corporate plaintiffs from their action without prejudice unless they retained legal representation).

Plaintiff is granted an additional 30 days to acquire new counsel; that is, new counsel, if any, shall make an appearance by September 5, 2025. The Court continues the August 27, 2025 Case Management Conference to **September 17, 2025 at 2:00 p.m.** via Zoom video. A joint case management conference statement is due a week in advance.

This Order disposes of Docket No. 50.

**IT IS SO ORDERED.**

Dated: August 5, 2025

JACQUELINE SCOTT CORLEY
United States District Judge

3