1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7   PERPLEXITY SOLVED SOLUTIONS,              Case No.  25-cv-00989-JSC
    INC.,
8                                             **ORDER RE: PERPLEXITY AI, INC.'S**
                    Plaintiff,                **MOTIONS TO STRIKE ANSWER AND**
9                                             **MOTION TO DISMISS**
            v.
10                                            Re: Dkt. Nos. 60, 61
    PERPLEXITY AI, INC.,
11
                    Defendant.
12

13  PERPLEXITY AI, INC.,

14                  Counterclaimant-Plaintiff,

15          v.

16  PERPLEXITY SOLVED SOLUTIONS,
    INC.,
17
                    Counterclaim-Defendant.
18

19

20          Perplexity Solved Solutions, Inc. ("Plaintiff") sues Perplexity AI, Inc. ("Defendant") for

21  trademark infringement, and Defendant counterclaims for cancellation of Plaintiff's trademark

22  registration.  (Dkt. Nos. 1, 23.)[1]  Now pending before the Court are Defendant's motions to strike

23  Plaintiff's answer to its counterclaims and enter default, (Dkt. No. 60), and to dismiss Plaintiff's

24  claims with prejudice, (Dkt. No. 61).  After carefully considering the party's submissions, the

25  Court concludes oral argument is not required, *see* N.D. Cal. Civ. L.R. 7-1(b), and GRANTS

26  Defendant's motions.  Because a corporation cannot proceed in federal court without licensed

27  _____

28  [1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the
    ECF-generated page numbers at the top of the document.

*(left margin, vertical)* United States District Court  Northern District of California

counsel, the Court on August 5, 2025 ordered Plaintiff, a corporation, to obtain counsel by September 5, 2025.  The Court warned Plaintiff its failure to retain counsel may result in default on Defendant's counterclaims and dismissal of its claims against Defendant.  Because in the nearly three months since the Court's order, Plaintiff has not obtained counsel and has instead sought to continue case management conferences and motions deadlines, default and dismissal are warranted.

## BACKGROUND

Plaintiff sued Defendant for (1) trademark infringement under Lanham Act § 32(1); (2) unfair competition and false design of origin under Lanham Act § 43(a); (3) cybersquatting under Lanham Act § 43(d); (4) unfair business practices under the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200; (5) common law trademark infringement and unfair competition; and (6) declaratory judgment based on Lanham Act § 2(d).  (Dkt. No. 1.)  The Court granted Defendant's motion to dismiss the cybersquatting claim.  (Dkt. Nos. 18, 42.)  Defendant also answered Plaintiff's complaint and asserted counterclaims for cancellation of Plaintiff's trademark registration (1) for fraud under 15 U.S.C. §§ 1115(b)(1) and 1119, or (2) for non-use or abandonment under 15 U.S.C. §§ 1064(3) and 1119.  (Dkt. No. 23.)  Plaintiff answered Defendant's countercomplaint.  (Dkt. No. 40.)

On July 18, 2025, Mitchell Silberberg & Knupp LLP and its individual attorneys Eleanor M. Lackman and Marissa B. Lewis moved to withdraw as Plaintiff's counsel.  (Dkt. No. 50.)  Ms. Lewis attested because "there ha[d] been an irreparable breakdown in the attorney-client relationship and that [her] firm [could not] continue to effectively represent [Plaintiff]," "professional considerations require[d] termination of the representation and the situation [wa]s one in which withdrawal is appropriate."  (Dkt. No. 50-1 ¶ 5.)  She also attested that on June 20, 2025, she advised Plaintiff it would have to obtain substitute counsel because a corporation cannot be represent itself in federal court.  (*Id.* ¶ 3.)  On August 5, 2025, the Court granted the motion to withdraw "'subject to the condition that papers may continue to be served on counsel for forwarding purposes' until Plaintiff retain[ed] new counsel."  (Dkt. No. 53 at 2 (quoting N.D. Cal. L.R. 11-5(b)).)  The Court warned Plaintiff because it is a corporation, which "'may appear in the

2

United States District Court
Northern District of California

1   federal courts only through licensed counsel,'" "failure to retain substitute counsel may result in

2   the entry of default judgment on counterclaims against it . . . and dismissal of its action against

3   Defendant." (*Id.* at 2-3 (quoting *Rowland v. California Men's Colony, Unit II Men's Advisory*

4   *Council*, 506 U.S. 194, 202 (1993)).) So, the Court granted Plaintiff "an additional 30 days to

5   acquire new counsel" and ordered Plaintiff's new counsel to "make an appearance by September

6   5, 2025." (*Id.* at 3.)

7        Because no attorney had made an appearance for Plaintiff by September 11, 2025, the

8   Court continued its September 17, 2025 case management conference. (Dkt. No. 57.) In its

9   continuance order, the Court again explained "Plaintiff is a corporation" and cannot appear

10  without licensed counsel and noted "Defendant and Counterclaimant-Plaintiff may take whatever

11  steps it deems appropriate." (*Id.* at 1-2.) In addition, on October 9, 2025, the Court denied Dawn

12  Gallman Mobley's request for a continuance of court proceedings because she had not yet

13  obtained counsel for Plaintiff. (Dkt. No. 66.) The Court reiterated "if no new counsel appeared in

14  this action, Plaintiff's claims would have to be dismissed, and Plaintiff's default could be entered

15  on [Defendant's] counterclaims." (*Id.* at 1.)

16       Defendant now moves to (1) strike Plaintiff's answer to its counterclaims and direct entry

17  of default, and (2) dismiss Plaintiff's claims with prejudice. (Dkt. Nos. 60, 61).

18                                    **DISCUSSION**

19       Defendant first moves to strike Plaintiff's answer to and enter default on Defendant's

20  counterclaims. "[D]efault [i]s a permissible sanction for failure to comply with local rules

21  requiring representation by counsel." *Emp. Painters' Tr. v. Ethan Enters., Inc.*, 480 F.3d 993, 998

22  (9th Cir. 2007) (citation omitted); *see also Screen Actors Guild-Am. Fed'n of Television & Radio*

23  *Artists v. LABC Prods., LLC*, No. 2:21-CV-09879-HDV-MAA, 2024 WL 5472602, at *1 (C.D.

24  Cal. Aug. 16, 2024) ("If a defendant fails to comply with local rules, a federal court can exercise

25  its inherent equitable powers to strike an answer and enter default pursuant to Fed. R. Civ. P.

26  55(a)."). This District's local rules prohibit a corporation from appearing without counsel. *See*

27  N.D. Cal. Civ. L.R. 3-9(b) ("A corporation, unincorporated association, partnership or other such

28  entity may appear only through a member of the bar of this Court."). So, default is a permissible

United States District Court
Northern District of California

1    sanction here, when Plaintiff, a corporation, has failed to retain counsel.

2         Defendant also moves to dismiss Plaintiff's claims with prejudice.  Federal Rule of Civil

3    Procedure 41(b) allows involuntary dismissal on the merits "[i]f the plaintiff fails to prosecute or

4    to comply with the[] [Federal Rules] or a court order."  Fed. R. Civ. P. 41(b).  Pursuant to Rule

5    41(b), courts have dismissed claims with prejudice for plaintiff's violation of court orders to retain

6    counsel.  *See, e.g.*, *Mavusi v. Ciccarelli*, No. CV 23- 4697-JFW(AGRx), 2025 WL 873014, at *3

7    (C.D. Cal. Feb. 3, 2025) (dismissing complaint with prejudice for plaintiff's failure to comply with

8    court order requiring counsel); *Temujin Labs Inc. v. Transulence Rsch., Inc.*, No. 21-CV-09152-

9    NC, 2025 WL 277402, at *2 (N.D. Cal. Jan. 23, 2025) (dismissing with prejudice for failure to

10   comply with local rules and court order requiring counsel); *Solaria Corp. v. T.S. Energie e*

11   *Risorse, S.R.I.*, No. 13-CV-05201-SC, 2014 WL 7205114, at *4 (N.D. Cal. Dec. 17, 2014)

12   ("TSE's failure to . . . comply with the Court's orders [requiring counsel] warrants dismissal of its

13   counterclaims with prejudice.").  So, as Plaintiff has failed to comply with the Court's order

14   requiring it to retain counsel by September 5, 2025, and indeed has not obtained counsel as of the

15   date of this order, dismissal with prejudice may be appropriate.

16        However, a court also "must consider [five factors] before dismissing a case or declaring a

17   default: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to

18   manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the

19   disposition of cases on their merits; and (5) the availability of less drastic sanctions.'"  *Dreith v.*

20   *Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d

21   128, 130 (9th Cir. 1987)).  Dismissal or default is appropriate where "at least four factors support

22   dismissal, or where at least three factors strongly support dismissal."  *Id.*

23        Here, four factors weigh in favor of dismissing Plaintiff's claims and declaring a default on

24   Plaintiff's answer to Defendant's counterclaims.  "The first two [factors] . . . relate[] to the

25   efficient administration of judicial business for the benefit of all litigants with cases pending."

26   *Nealey v. Transportacion Maritima Mexicana, S.A.*, 662 F.2d 1275, 1279 (9th Cir. 1980).  More

27   than four months ago, Plaintiff's previous counsel advised Plaintiff it was moving to withdraw

28   and, because a corporation cannot represent itself, Plaintiff needed to find substitute counsel.

4

United States District Court
Northern District of California

1  (Dkt. No. 50-1 ¶ 3.)  Plaintiff responded on June 30, 2025 that it was "'in the process of

2  substituting counsel.'"  (*Id.*).  Yet, as of August 5, 2025, no new counsel had appeared for

3  Plaintiff.  So, that day the Court ordered Plaintiff to retain counsel by September 5, 2025.

4  Plaintiff's failure to do so for the past four months has delayed case management conferences and

5  therefore adjudication of this action.  *See Valenzuela v. Best-Line Shades, Inc.*, No. 19-CV-07293-

6  JSC, 2022 WL 504160, at *2 (N.D. Cal. Feb. 18, 2022) ("By failing to respond to the Court's

7  Order and produce the Class List, failing to retain counsel, and failing to prosecute this action,

8  Defendants have delayed adjudication of this action."); *Brooklyn A-C Delco, Inc. v. DAC Int'l,*

9  *Inc.*, No. CV-15-5744-MWF (PLAx), 2017 WL 11917494, at *2 (C.D. Cal. Mar. 8, 2017)

10  ("Plaintiffs have had several months to retain new counsel, and yet failed to do so even after the

11  Court . . . warned them that they could not proceed *pro se*.").  Furthermore, Plaintiff's non-

12  compliance with local rules and the Court's order wastes "valuable time that [the Court] could

13  have devoted to other . . . criminal and civil cases on its docket."  *Ferdik v. Bonzelet*, 963 F.2d

14  1258, 1261 (9th Cir. 1992).  So, the first two factors weigh in favor of default and dismissal.

15  As to the third factor, to determine "whether a defendant has been prejudiced, we examine

16  whether the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere

17  with the rightful decision of the case."  *Malone*, 833 F.2d at 131.  "When considering prejudice to

18  the defendant, the failure to prosecute diligently is sufficient by itself to justify a dismissal, even in

19  the absence of a showing of actual prejudice to the defendant from the failure."  *In re Eisen*, 31

20  F.3d 1447, 1452 (9th Cir. 1994) (cleaned up).  The required amount of "risk of prejudice to the

21  defendant is related to the plaintiff's reason for [delay]."  *See Yourish v. Cal. Amplifier*, 191 F.3d

22  983, 991 (9th Cir. 1999).  In the nearly three months since the Court ordered Plaintiff to obtain

23  counsel, and over four months since Plaintiff's prior counsel advised Plaintiff to obtain new

24  counsel, Plaintiff has not provided "any excuses that would justify delaying this action further."

25  *Brooklyn AC-Delco, Inc.*, 2017 WL 11917994, at *2.  Plaintiff's inability to retain counsel and

26  therefore to participate in litigation it initiated has "made it impossible for [Defendant] to

27  adequately prepare itself for trial" and litigate this case to its conclusion.  *See Dreith*, 648 F.3d at

28  788 (cleaned up).  So, prejudice to Defendant supports default or dismissal.

5

The fourth factor, "resolution of cases on their merits, always weighs against dismissal." *Id.* (citation omitted); *cf. Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) ("Although there is indeed a policy favoring disposition on the merits, it is the responsibility of the moving party to move toward that disposition at a reasonable pace.").

Fifth, as to the availability of less drastic sanctions, "a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement." *Ferdik*, 963 F.2d at 1262. In its orders requiring Plaintiff to retain counsel, the Court repeatedly warned Plaintiff that Defendant may seek default and dismissal as a result of Plaintiff's not obtaining counsel. (Dkt. Nos. 53, 66.) *See Valenzuela*, 2022 WL 504160, at *2 (allowing default as sanction following warnings in disregarded court orders); *Softwareworks Grp., Inc. v. Ihosting, Inc.*, No. C06-04301 HRL, 2007 WL 1279495, at *2 (N.D. Cal. Apr. 30, 2007) (striking answer and dismissing claims when court previously "gave [] a clear warning" claims would be dismissed without counsel).

Because four *Malone* factors weigh in favor of dismissing Plaintiff's claims and declaring default on Defendant's counterclaims, such action is appropriate.

## CONCLUSION

For the reasons stated above, Defendant's motion to strike Plaintiff's answer to its counterclaims and direct entry of default is GRANTED. Defendant's motion to dismiss Plaintiff's complaint with prejudice is also GRANTED. Defendant shall file a motion for default judgment by December 4, 2025.

This Order disposes of Docket Nos. 60 and 61.

**IT IS SO ORDERED.**

Dated: October 27, 2025

JACQUELINE SCOTT CORLEY
United States District Judge

6