UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERPLEXITY SOLVED SOLUTIONS, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>PERPLEXITY AI, INC.,<br><br>    Defendant.<br><br>PERPLEXITY AI, INC.,<br><br>    Counterclaimant-Plaintiff,<br><br>    v.<br><br>PERPLEXITY SOLVED SOLUTIONS, INC.,<br><br>    Counterclaim-Defendant. | Case No. 25-cv-00989-JSC<br><br>**ORDER VACATING DEFAULT JUDGMENT AND ORDERING DEFENDANT TO SHOW CAUSE**<br><br>Dkt. No. 76 |

Perplexity Solved Solutions, Inc. ("PSSI") sued Perplexity AI, Inc. ("Perplexity") for trademark infringement, and Perplexity counterclaimed for cancellation of PSSI's trademark registration under 15 U.S.C. § 1119. (Dkt. Nos. 1, 23.) PSSI's counsel subsequently withdrew, and PSSI failed to obtain counsel despite the Court's repeated warnings that because it is a corporation, which "'may appear in the federal courts only through licensed counsel,'" "failure to retain substitute counsel may result in the entry of default judgment on counterclaims against it . . . and dismissal of its action against [Perplexity]." (Dkt. No. 53 at 2-3 (quoting *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993)); *see also* Dkt. Nos. 57, 66.) So, Perplexity moved to dismiss PSSI's claims with prejudice and to strike PSSI's answer to and enter default on Perplexity's counterclaims. (Dkt. Nos. 60, 61.) The Court

granted both motions. (Dkt. No. 70.) Perplexity then moved for default judgment on its counterclaims, and PSSI, who still has not appeared through counsel, did not and could not oppose. (Dkt. No. 75.) On January 23, 2026, the Court granted Perplexity's motion for default judgment and ordered the cancellation of U.S. Trademark Registration 6,906,290 pursuant to 15 U.S.C. § 1119. (Dkt. No. 76.) The Court noted it "ha[d] federal subject matter jurisdiction because Perplexity counterclaims under the federal Lanham Act." (*Id.* at 5 (citing 28 U.S.C. § 1331).)

However, in *Airs Aromatics, LLC v. Victoria's Secret Stores Brand Management, Inc.*, 744 F.3d 595 (9th Cir. 2014), the Ninth Circuit held section 1119 "does not provide an independent basis for federal jurisdiction." *Id.* at 599. 15 U.S.C. § 1119 provides:

> In any action involving a registered mark the court may determine the right to registration, order the cancelation of registrations, in whole or in part, restore canceled registrations, and otherwise rectify the register with respect to the registrations of any party to the action. Decrees and orders shall be certified by the court to the Director, who shall make appropriate entry upon the records of the Patent and Trademark Office, and shall be controlled thereby.

15 U.S.C. § 1119. So, section 1119 "gives district courts the power to order the cancellation of a trademark registration 'in any action involving a registered mark.'" *Airs Aromatics, LLC*, 744 F.3d at 598 (quoting 15 U.S.C. § 1119). "This language specifies that cancellation may only be sought if there is already an ongoing action that involves a registered mark; it does not indicate that a cancellation claim is available as an independent cause of action." *Id.* at 599.

In *Sunsauce Foods Industrial Corp., Ltd. v. Son Fish Sauce USA Corp.*, No. 5:22-CV-08973-PCP, 2025 WL 405106 (N.D. Cal. Feb. 5, 2025), the court dismissed a defendant's section 1119 counterclaims for lack of jurisdiction. *Id.* at *3. There, the plaintiff brought trademark infringement claims, and the defendant counterclaimed challenging the validity of the plaintiff's trademark registration and seeking its cancellation. *Id.* at *1. After granting summary judgment in the defendant's favor on the trademark infringement claims, the court held the defendant's section 1119 counterclaim "does not present a live case or controversy because cancellation of a trademark is not an independent cause of action in the Ninth Circuit." *Id.* at *2 (citing *Airs Aromatics, LLC*, 744 F.3d at 599). So, the court dismissed the defendant's section 1119

counterclaims for lack of subject matter jurisdiction.  *Id.* at *3.

Here, although Perplexity's section 1119 counterclaims remain before the Court, section 1119 does not provide a basis for federal jurisdiction in the absence of an "action involving a registered mark."  15 U.S.C. § 1119; *see also Airs Aromatics, LLC*, 744 F.3d at 599 ("[E]ach circuit to directly address this statutory language has held that it 'creates a remedy for trademark infringement rather than an independent basis for federal jurisdiction.'" (citations omitted)).  So, as in *Sunsauce Foods*, there may not remain a live case or controversy, and therefore the Court may not have jurisdiction under Article III.  *See Deakins v. Monaghan*, 484 U.S. 193, 199 (1988) ("Article III of the Constitution limits federal courts to the adjudication of actual, ongoing controversies between litigants."); *see also Sunsauce Foods Industrial Corp., Ltd.*, 2025 WL 405106, at *2 ("If at any time during litigation a plaintiff ceases to 'suffer[], or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision,' the matter is moot and the federal court no longer retains federal jurisdiction." (quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1998))).  And the Court cannot enter default judgment without ensuring its jurisdiction.  *See Gros Ventre Tribe v. United States*, 469 F.3d 801, 815 (9th Cir. 2006).

So, the Court VACATES its January 23, 2026 default judgment Order.  (Dkt. No. 76.)  By **February 3, 2026**, Perplexity is ORDERED TO SHOW CAUSE why this Court has jurisdiction to enter default judgment on its counterclaims, and in particular, why there is a sufficient Article III case or controversy given dismissal of Plaintiff's claims.  If Perplexity does not respond or if its response fails to establish a basis for subject matter jurisdiction, the Court will dismiss Perplexity's counterclaims for lack of jurisdiction and enter final judgment in favor of Perplexity and against PSSI on PSSI's trademark infringement claims.

**IT IS SO ORDERED.**

Dated: January 26, 2026

JACQUELINE SCOTT CORLEY
United States District Judge